Nelson Wayne **MOONEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 69858.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1991.

Steve Hebert (court appointed), Baytown, for appellant.

Michael R. Little, Dist. Atty., Liberty, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

Appellant was convicted of a murder in the course of robbery. Tex.Penal Code Ann. § 19.03(a)(2). After the jury returned affirmative answers to the two issues submitted pursuant to Tex.Code Crim.Proc. Ann. art. 37.071, the trial court imposed the

sentence of death.[1] Appeal to this Court is automatic. We will affirm.

Appellant does not challenge the sufficiency of the evidence. Therefore, we will only provide the facts necessary to address appellant's points of error.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's first four claims, enumerated 1 A through 1 D, allege that he was denied effective assistance of counsel.[2]

### A.

His initial claim submits that "defense counsel failed to conduct a thorough investigation and preparation before [the] March 23, 1987 hearing." On the date in question, the trial court held a hearing on appellant's motion to dismiss prosecution pursuant the Interstate Agreement on Detainers, as codified in Tex.Code Crim.Proc. Ann. art. 51.14.[3]

Appellant's first court-appointed attorney, Krueger, withdrew shortly after appointment based on appellant's refusal to speak with him. Appellant's second appointed attorney, Hight, eventually withdrew due to ongoing disagreements with appellant. While Hight was still representing appellant, on December 4, 1985, appellant signed a reset form including waivers under the Interstate Agreement on Detainers and the former Texas Speedy Trial Act. Appellant's attorneys at the hearing, Turner and Brown, submitted that appellant never realized that he had waived his rights pursuant to the Interstate Agreement on Detainers.

At the hearing, Turner and Brown introduced the indictment returned March 7, 1984[4] and the detainer filed against appellant dated May 10, 1985, and asked the trial court to take judicial notice of the fact that the trial began on January 19, 1987. The State entered certified copies of the docket sheets and the reset order of December 4, 1985, which contains the waiver in question. The reset order was signed by the State, appellant, defense counsel and the trial judge.

At the hearing Krueger testified that he never discussed art. 51.14 with appellant. Hight, appellant's second court appointed attorney, testified that "to the best of his knowledge" he did not recall the waiver contained in the December 4, 1985 reset

---

1. Tex.Code Crim.Proc.Ann. art. 37.071(b) provides that death shall be imposed if the jury returns affirmative answers to the following special issues:

 1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

 2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

 3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

 Only the first two special issues were submitted to the jury because there was no evidence to raise the third special issue.

2. Specifically, appellant alleges, "The conviction was void because counsel for the defendant did not render effective assistance of counsel": a) "Defense [c]ounsel failed to conduct a through [sic] investigation and preparation for the March 23, 1987 hearing"; b) "Defense counsel failed to move for disqualification of the pan-

el/venire"; c) "Defense counsel failed to make proper and timely objections, thereby failing to preserve error"; and d) "Defense counsel [sic] Motion for New Trial was defective in that it failed to take into account the facts of the case."

3. Tex.Code Crim.Proc.Ann. art. 51.14, Article III(a), provides: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial with 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

4. Appellant was reindicted in an indictment returned December 18, 1985.

form. He did recall giving the form to appellant and instructing him to read it. According to Hight, appellant appeared to read the form in its entirety. Hight further testified that appellant had previously indicated that he did not want to waive his Interstate Agreement on Detainer rights. Hight concluded that "in all probability" he, appellant and the prosecutor had a discussion about either waiving the Interstate Agreement on Detainers or proceeding to trial. Hight noted that it was sound trial strategy to agree to a reset because he did not believe that he was ready to proceed to trial.

Appellant testified that he never intended to waive his art. 51.14 rights, and that Hight would not let him read the December 4, 1985 reset form.

Lastly, defense counsel Turner testified that he was appointed in April of 1986, and that sometime thereafter appellant alleged that there was some "trickery" in signing the December 5, 1985 waiver. The trial court denied the motion to dismiss.

■ To support a claim of ineffective assistance of counsel, appellant must prove both that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Cr.App.1986). Absent both showings, it cannot be concluded that a defendant's conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

Appellant's contention that counsel failed to conduct a thorough investigation prior to the March 23, 1987 hearing is without support from the record. Indeed, appellant's conclusional allegation fails to demonstrate how counsel erred in presenting, investigating and preparing for the hearing on the motion. Appellant fails to establish what, if anything, counsel could have learned from a more thorough investigation.

The record reflects that Turner and Brown vigorously pursued the motion to dismiss. Appellant's allegation fails to demonstrate that counsel was deficient.

*Strickland*, 466 U.S. 668, 104 S.Ct. 2052; *Hernandez v. State*, 726 S.W.2d at 57.

### B.

■ Secondly, appellant alleges that he was denied effective assistance of counsel due to counsel's failure to move to quash the venire. To support this claim, appellant points to the testimony of four of the panel members, Edwards, Tadlock, Jeffcote and Hall.

Veniremember Edwards testified that on the first day he was called to jury duty, he overheard a police officer stating that there were two other individuals besides appellant involved in the instant offense, and they had already been found guilty. Veniremember Edwards testified that the other panel members were scattered about the courtroom when the statement was made, and that no other veniremembers had heard this remark. Moreover, the trial court allowed defense counsel to recall all twenty-eight of the previously qualified veniremembers and to individually question each regarding whether they overheard the remark. No one other than Edwards heard the officer's remark. Finally, the record reflects that veniremember Edwards never sat upon the jury; he was successfully challenged for cause by the State.

Veniremember Tadlock testified that he had heard that there was a case that was going to be tried in Liberty County involving three men who had tied a man to a tree and shot him. Tadlock indicated that he was "not sure if this [was] the same case or not," and testified that he had no opinion concerning appellant's guilt. Tadlock testified that he had not heard any media reports on the case. The defense exercised a peremptory challenge to this veniremember; therefore, Tadlock did not sit on the jury.

Veniremember Hall indicated that he had previously seen a newspaper article that a jury was being selected to try two other individuals involved in the crime. He testified that he could disregard everything except the evidence presented at trial. The

defense exercised a peremptory challenge to veniremember Hall.

Veniremember Jeffcote testified that he overheard "someone" say that the defendant "was guilty and that the jury ought to go ahead and execute him." Jeffcote told "the Deputy" what he had heard. Veniremember Jeffcote stated that the overheard remarks would not affect him. Jeffcote served on the jury.

■ Counsel were not deficient for failing to move to quash the panel because there is no evidence that the venire, as a whole, was biased against appellant. There is no evidence that Edwards, Tadlock, Hall or Jeffcote discussed what they had heard or read about appellant's case with any of the other veniremembers. In fact, trial counsel recalled and diligently requestioned each of the previously qualified veniremember about whether they had overheard any remarks about the case. The record demonstrates that the panel was not tainted. *Kirkpatrick v. State*, 515 S.W.2d 289 (Tex.Cr.App.1974). Counsel is not required to engage in the filing of futile motions. *Kinnamon v. State*, 791 S.W.2d 84 (Tex.Cr.App.1990) (failure to request charge on lesser included offense not deficient where evidence did not authorize submission of lesser included offense charge). Accordingly, counsel was not deficient for failing to move to quash the panel. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052; *Hernandez v. State*, 726 S.W.2d at 57.

### C.

■ Next, appellant alleges that he was denied effective assistance of counsel because counsel "failed to make proper and timely objections." To support this contention, appellant points to the voir dire of veniremember Hall.

Veniremember Hall, as noted previously, told the court that he had read a newspaper article stating that a jury was being selected in Liberty County for the trial of appellant's two accomplices. The trial

judge questioned veniremember Hall regarding his ability to render a verdict based solely upon the evidence presented at trial. The prosecutor and defense counsel subsequently questioned Hall regarding the presumption of innocence. Veniremember Hall consistently indicated that he could base his verdict solely upon the evidence presented at trial. Pursuant to thorough defense examination, Hall stated that he did not remember any specifics about the article, that he had not formed any opinions or feelings about the case and that he would be able to put that article aside and not allow it to affect his deliberations.[5]

Appellant submits that defense questioning of Hall regarding the article was "inadequate and [fell] short of the duty defense counsel owed appellant." There is no evidence in the record to support that conclusion. Appellant wholly fails to demonstrate either prong of the *Strickland* standard; that is, appellant has not shown that counsels' performance was deficient and that this deficiency prejudiced his defense. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052.

■ Appellant next submits that counsel was ineffective for failing to object to the introduction of State's exhibit 29A during examination of Marvin Eugene Gates, appellant's co-defendant. Gates had previously pled guilty to murder in exchange for a sixty year sentence without an affirmative finding. Gates testified on behalf of the State in exchange for Oklahoma's McCurtain County District Attorney's Office dropping charges then pending against Gates. The State originally proffered exhibit 29, a letter Gates received verifying the agreement that charges would be dropped in Oklahoma. The letter was from McCurtain County District Attorney Don Shaw addressed to Liberty County District Attorney Investigator Harvey Simmons. Defense counsel subsequently objected to the letter on the bases of hearsay and that it included extraneous matters. The State subsequently agreed to delete all references to extraneous matters and proffered ex-

---

**5.** Trial counsel unsuccessfully challenged veniremember Hall for cause based upon Hall's vacillating testimony regarding the definitions of intentional and deliberate behavior.

hibit 29A, the amended letter. The defense did not object to 29A. Exhibit 29A states:

> This letter confirms our conversation on 8–14–86. You have my full power and authority to negotiate with Marvin E. Gates, Jr. concerning whether or not charges of Armed Robbery will be filed against him in McCurtain County, Oklahoma of John Rich and his family on Wednesday night, April 25, 1984.
>
> I understand that you want Gates to tell you the full and complete truth concerning [deleted] him, Nelson Wayne Mooney and Ross Wayne Nix, [deleted] in the murder of Raymond William Garner.
>
> Upon your recommendation, that Gates has fully cooperated with you and other law enforcement officials, and has testified against Mooney and Nix, there will not ever be any charges filed against Gates for the armed robbery of the John Rich family on April 25, 1984.

Without citing to any authority, appellant submits that counsel's failure to object to this exhibit demonstrates that appellant was denied effective assistance of counsel. Specifically, appellant complains that exhibit 29A bolstered Gates' testimony. However, as noted by the State, the exhibit actually impeached the credibility of Gates by demonstrating that his testimony was derived from the promise of leniency.

The record reflects that counsel repeatedly impeached Gates with numerous prior inconsistent statements, in addition to the fact that Gates' testimony resulted from a plea agreement. The letter verifying the agreement was consistent with trial counsel's attempts to discredit Gates' testimony. Counsel's sound trial strategy does not support appellant's claim of ineffective assistance of counsel. *Duncan v. State*, 717 S.W.2d 345 (Tex.Cr.App.1986); *Washington v. Estelle*, 648 F.2d 276 (5th Cir. 1981).

Additionally, appellant contends, without citation to the record, that trial "counsel made little to no objection" to the State's evidence presented at trial. Appellant fails to cite to these alleged defaults. This broad contention is without support from the record. As noted by the State, the record reflects that counsel lodged numerous objections through out voir dire and the trial, many of which were sustained.

### D.

Lastly, appellant contends that counsel was ineffective because the "motion for new trial was defective in that it failed to take into account the facts of this case." The motion for new trial urged that the evidence was insufficient to support the verdict of guilty.

Specifically, appellant asserts that counsel should have filed a motion for new trial based upon "the improprieties with the jury," and because the trial court did not allow counsel extra peremptory strikes. Appellant's reference to "improprieties with the jury" alludes to the aforementioned testimonies of Edwards, Tadlock, Jeffcote and Hall. As we concluded previously, counsel was not deficient for not moving to quash the venire panel because there is no evidence that the panel was tainted. Likewise, counsel's performance cannot be deemed ineffective for failure to file a motion for new trial based upon the same unsupported allegation.

■ Appellant also contends that counsel was ineffective for failing to file a motion for new trial based upon the court's failure to grant trial counsel additional peremptory challenges. However, appellant's brief is devoid of authority which supports the contention that failure to grant additional peremptory challenges is a cognizable claim in a motion for new trial, nor is there case law supporting his broader contention that counsel was ineffective for failure to file a motion for new trial based upon the same contention.

Rule 30, Tex.R.App.Pro., enumerates the grounds upon which a new trial shall be granted.[6] The nine statutory grounds con-

---

6. Rule 30, Tex.R.App.Pro., states as follows:
 (b) Grounds. A new trial shall be granted an accused for the following reasons:

 (1) Except in a misdemeanor case when maximum punishment may be by fine only, where the accused is an individual who has been

tained in Rule 30 do not include the contention that the trial court failed to grant additional peremptory challenges. Accordingly, counsel cannot be deemed deficient in their performance for failure to allege this contention in the motion for new trial.

Appellant's numerous contentions alleging ineffective assistance of counsel are without support from the record. As a result, appellant's first point of error alleging ineffective assistance of counsel is overruled.

## II. VENIREMEMBER KINDELL [7]

■ Appellant's second point of error [8] submits that the trial court erred in overruling appellant's challenge for cause to veniremember Reba Laverne Kindell.[9] Specifically, appellant contends that Kindell was biased against the defense because of family tragedies, and because she was biased against the law upon which he was entitled to rely. A veniremember is not subject to a challenge for cause unless the veniremember has demonstrated either a bias against the defendant as a person or a bias against some phase of law upon which the defendant is entitled to rely.

tried in his absence, unless otherwise authorized by law, or has been denied counsel;
(2) Where the court has misdirected the jury as to the law or has committed some other material error calculated to injure the rights of the accused;
(3) Where the verdict has been decided by lot or in any other manner than by a fair expression of opinion by the jurors;
(4) Where a juror has received a bribe to convict or has been guilty of any other corrupt conduct;
(5) Where any material witness of the defendant has by force, threats or fraud been prevented from attending the court, or where any evidence tending to establish the innocence of the accused has been intentionally destroyed or withheld preventing its production at trial;
(6) Where new evidence favorable to the accused has been discovered since trial;
(7) Where after retiring to deliberate the jury has received other evidence; or where a juror has conversed with any other person in regard to the case; or where a juror became so intoxicated as to render it probable that his verdict was influenced thereby;
(8) Where the court finds the jury has engaged in such misconduct that the accused has not received a fair and impartial trial; and

*Cordova v. State*, 733 S.W.2d 175 (Tex.Cr. App.1987). See Tex.Code Crim.Proc.Ann. art. 35.16. Appellant fails to make this requisite showing.

Veniremember Kindell volunteered that members of her family had been murdered, at different times, during the three years preceding her voir dire testimony. When asked about how she felt about sitting on the case, she replied, "I really don't know about whether I could now or not and keep my mind on this case and think with what has happened recently." When asked if she could be true to her oath, she stated, "I think I could, but I think it would be very difficult." Defense counsel then asked her if her losses would affect her to some degree in terms of looking at and weighing the evidence in the case. She replied, "Yes, it would."

Later, Kindell vacillated and stated that her personal losses would *not* affect her. When subsequently asked if the events of her personal life would affect her when weighing the evidence, she stated, "It may." When defense counsel asked her if it would be impossible for her to take the oath, she answered in the affirmative.

(9) Where the verdict is contrary to the law and the evidence.

7. Appellant's brief refers to veniremember "Kindall." The State's brief refers to veniremember "Kindell." The record interchangeably refers to her name as "Kindell" and "Kindle." There is, however, no dispute as to which veniremember is at issue. We will adopt the spelling "Kindell," as she is noted in the index provided by the court reporter.

8. Specifically, appellant complains, "The trial court erred in overruling defense counsel [sic] challenges for cause pursuant to article 35.16 Vernon's Ann.C.C.P. [sic] Reba Laverne Kindall."

9. The record reflects that the State and appellant agreed that all peremptory challenges would not be made during the voir dire examination. In accordance with that agreement, the peremptory challenges were made only after a sufficient number of prospective jurors were qualified and not successfully challenged for cause. After appellant exercised his statutory fifteen peremptory challenges, the trial court granted him one additional peremptory.

When the prosecutor asked her questions, she vacillated once again. She stated, "If I had taken the oath and if I known [sic] that it was not proven to me, I could do not guilty." Later she replied, "If I was asked to take [the oath], I could abide by it." When asked if her personal losses would affect her, she again replied, "If I took the oath, I would do everything to my ability to not let it affect me."

Veniremember Kindell again vacillated during defense questioning. She stated, "Right now, how I feel is really hard to really know deep down inside if it would affect me or if it wouldn't." When questioned for the final time, she stated unequivocally that she would base her decisions only on the evidence presented and that she could take the oath and follow it. She concluded by stating that her feelings would not prejudice her against appellant.

■ Where a veniremember states that she can set aside her bias, the trial court's refusal to sustain the defendant's challenge for cause will be reviewed in light of all of the answers the veniremember gives. *Faulder v. State*, 745 S.W.2d 327, 340 (Tex.Cr.App.1987). Where the trial court is faced with a vacillating juror, like veniremember Kindell, elements such as demeanor and tone of voice, etc., are important factors in conveying the precise message intended. Therefore, the trial court's decision is accorded great deference. *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.1976). Veniremember Kindell concluded that portion of her voir dire testimony by stating that she could set aside her personal experiences and abide by the oath of a juror. Given that the trial judge was in the better position to assess the credibility of veniremember Kindell's responses, we conclude that the court did not abuse its discretion in overruling appellant's challenge for cause. *Granviel*, 552 S.W.2d 107. See also, *Barney v. State*, 698 S.W.2d 114 (Tex.Cr.App.1985).

■ Next, appellant submits that veniremember Kindell was biased against the law upon which he was entitled to rely. Specifically, he contends that veniremember Kindell saw no distinction between the terms intentional, referring to the culpable mental state of the crime, and the term deliberate, as codified in the first punishment issue.[10] See Tex.Code Crim.Proc. Ann. art. 37.071(b)(1). Although bias against any portion of the law upon which appellant is entitled to rely renders a veniremember subject to challenge for cause, Tex.Code Crim.Proc.Ann. art. 35.16, the record does not support appellant's contention.

When originally asked by defense counsel whether she "saw any real difference between" the words intentional and deliberate, veniremember Kindell answered in the negative. However, when the State questioned Kindell, she stated that she would not automatically answer the first issue in the affirmative if the appellant were found guilty of capital murder. When given an example of a co-conspirator hypothetical, she stated that she could see where a defendant might have acted intentionally, but not necessarily deliberately. She stated that she would follow the law as instructed.

■ A juror who is unable to conceive of or envision a situation wherein he or she would answer the first issue "no" if the defendant had already been found guilty is not automatically subject to challenge for cause. *McCoy v. State*, 713 S.W.2d 940, 951 (Tex.Cr.App.1985). Moreover, where a veniremember will answer the first issue based on the evidence presented rather than an automatic response to the verdict at guilt/innocence, the veniremember is not subject to a challenge for cause even though the veniremember cannot conceive of a situation wherein he would answer the first issue in the negative. *Pierce v. State*, 777 S.W.2d 399, 412 (Tex.Cr.App.1989).

---

**10.** The term intentional is defined in Tex.Penal Code Ann. § 6.03(a) as follows: "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." The Legislature has failed to define the term deliberate.

In short, appellant fails to demonstrate that the trial court abused its discretion in failing to grant his challenge for cause to veniremember Kindell. She ultimately concluded that she would answer the issue according to the evidence presented, and that she could conceive of a situation where a negative finding on the first issue was warranted. *Pierce*, 777 S.W.2d at 412. See and contrast, *Gardner v. State*, 730 S.W.2d 675, 684 (Tex.Cr.App.1987) (veniremember unable to objectively follow the law where she believed that finding one guilty of "intentional" capital murder would invariably suffice to establish affirmative answers to the punishment issues). Appellant's second point of error is overruled.

## III. VENIREMEMBER LADD

Appellant's third point of error contends that the trial court erred in failing to grant his challenge for cause of veniremember Ladd.[11] Appellant submits that Ladd expressed that if a defendant were found guilty of capital murder, Ladd would automatically answer the third issue regarding provocation in the affirmative. Pursuant to defense questioning, veniremember Ladd stated that he could not think of a situation where one found guilty of capital murder would have acted reasonably in response to provocation. Put another way, veniremember Ladd stated that he could not think of a situation where he would answer the third issue in the negative.

During the State's examination, veniremember Ladd stated that although he could not think of a case where the third issue would be answered in the negative, he agreed that there could be such a case "out there." When given a hypothetical concerning provocation, veniremember Ladd agreed that under some circumstances the State would have a "tough time" proving that the defendant's actions

were unreasonable in response to provocation. Ladd concluded that he could follow the law in accordance with his oath and require that the State meet its burden of proof on the third issue. The defense did not ask any further questions of the veniremember.

The record reflects that the trial court did not err in failing to grant appellant's challenge for cause of veniremember Ladd. As stated previously, the trial judge was in the best position to gauge the veniremember's demeanor, and we must therefore accord him due deference. See and compare *Harris v. State*, 784 S.W.2d 5, 23–24 (Tex.Cr.App.1989) (trial court did not abuse its discretion in denying challenge for cause of veniremember who stated that there are probably cases where it would be reasonable for a defendant to respond to provocation by killing someone but that he "could not think of any."); *Phillips v. State*, 701 S.W.2d 875, 881 (Tex.Cr.App. 1985), (trial court did not abuse its discretion in denying challenge for cause of veniremember who stated that he could not think of situation where victim provoked the killing, where the veniremember later stated that he could conceive of a situation where the killing was not unreasonable in response to provocation). Appellant's third point of error is overruled.

## IV. VENIREMEMBER TADLOCK

Appellant's fourth point of error alleges that the trial court erred in failing to grant his challenge for cause of veniremember Tadlock because Tadlock had prior knowledge about the case and he was biased against the law.[12] Appellant previously urged in his ineffective assistance claim that Tadlock's prior knowledge was evidence that the venire panel was tainted. See Part IB, supra.

When asked whether he knew anything about the facts in appellant's case, veniremember Tadlock testified, "No, sir. When

---

**11.** Appellant's third point of error states, "Trial court erred in overruling defense counsels [sic] challenges for cause pursuant to Article 35.16 Vernon's Ann.C.C.P. [sic] Louis Ladd."

**12.** Appellant's fourth point of error states, "Trial court erred in overruling defense counsels [sic] challenges for cause pursuant to Article 35.15 Vernon's Ann.C.C.P. [sic] James T. Taclock [sic]."

I was here on January 19th, I did not know any, and I am still not sure if I know any. I have heard something about a case that is going to be tried over here, but I am not sure it is the same case." When asked what he did hear, Tadlock stated, "I heard after I got home the night of the 19th that it was going to be a case over here involving three men that tied a man to a tree and shot him, and I am not sure if this is the same case or not." Tadlock stated that what he heard would have no influence upon him, and that he could base his decision solely upon the evidence presented at trial.

 The record reflects that counsel's challenge for cause was limited to Tadlock's testimony concerning the definitions of intentional and deliberately. Accordingly, appellant's contention that Tadlock was challengeable for cause based on Tadlock's exposure to outside information about the case does not comport with trial counsel's objection at trial. A party on appeal may complain only about the specific issue raised in trial. *Harris*, 784 S.W.2d at 27. This issue is therefore overruled.

Appellant asserts that veniremember Tadlock was biased against the law upon which appellant was entitled to rely; that is, Tadlock indicated that the terms intentional and deliberate had the same functional meaning. The record reflects that Tadlock originally stated that he could not conceive of a situation where he would find "intentional" capital murder but not find deliberate behavior. However, the State subsequently rehabilitated veniremember Tadlock with a co-conspirator hypothetical; thereafter, Tadlock stated that he could conceive of a situation where one's behavior was intentional, but not deliberate. Moreover, veniremember Tadlock indicated that he would follow the law.

Appellant fails to demonstrate that the trial court abused its discretion in denying his challenge for cause of veniremember Tadlock. *Pierce*, 777 S.W.2d at 412;

McCoy, 713 S.W.2d at 951. Accordingly, his fourth point of error is overruled.

## V. VENIREMEMBER BIRD

In his fifth point of error, appellant contends that the trial court erred in failing to grant his challenge for cause of veniremember Bird.[13] Bird originally indicated that he believed that killing was unreasonable; therefore, he could not conceive of a situation where one found guilty of capital murder acted reasonably in response to provocation. However, after a hypothetical by the State, veniremember Bird indicated that there could be circumstances where he could find one guilty of capital murder and yet answer the third issue in the negative. Veniremember Bird stated that he would require the State to meet its burden of proof, and that he could set aside any personal feelings he had and follow the law. The defense did not further question Bird on the issue.

In *Harris*, 784 S.W.2d at 23–24, this Court held that the trial court did not abuse its discretion in denying a challenge for cause of veniremember who stated that there are probably cases where it would be reasonable for a defendant to respond to provocation by killing someone but that he "could not think of any." Here, veniremember Bird not only demonstrated his willingness to follow the law, he ultimately concluded that he could conceive of situations where it was reasonable for a capital murderer to respond to provocation by killing someone. Appellant's fifth point of error is overruled.

## VI. VENIREMEMBER HALL

Appellant's sixth point of error submits that the trial court erred in denying his challenge for cause of veniremember Hall.[14] First, appellant contends that Hall was subject to a challenge for cause because he had prior knowledge about the case from a newspaper article. Appellant

---

13. Specifically, he alleges, "Trial court erred in overruling defense counsels [sic] challenges for cause pursuant to Article 35.16 Vernon's Ann. C.C.P. [sic] Edward L. Bird."

14. His sixth point of error states, "Trial court erred in overruling defense counsels [sic] challenges for cause pursuant to Article 35.16 Vernon's Ann.C.C.P. [sic] Leonard Hall."

previously urged that Hall's prior knowledge about the case supported his contention that counsel was ineffective for failure to move to quash the venire panel. See Part IB, supra. As noted previously, Hall indicated that he had seen a newspaper article reporting that a jury was being selected to try two other individuals involved in the instant crime. He testified that he could disregard everything except the evidence presented at trial.

The record reflects that trial counsel did not object to Hall on this basis; therefore, the issue raised on appeal does not comport to the objection lodged at trial. Accordingly, this issue is not properly before this Court. *Harris*, 784 S.W.2d at 27.

■ Next, appellant contends that the trial court should have granted the challenge for cause because the prosecutor interjected his "person opinion with statements like:

'It would be a shame if the Appellant would be set free because someone didn't testify.' "[15]

Appellant does not cite us to any authority that supports his contention that the prosecutor's remarks rendered Hall subject to challenge for cause. Moreover, in urging that Hall should be challenged for cause, appellant's counsel never complained about the prosecutor's remarks. This issue, therefore, is not properly before the Court because the objection at trial does not comport to the issue raised on appeal. *Harris*, 784 S.W.2d at 27.

Additionally, appellant urges that the trial court erred in denying his challenge for cause because veniremember Hall indicated: 1) that the defense would have to present evidence to *disprove* the punishment issues, and 2) he would automatically answer the first issue in the affirmative.

Veniremember Hall initially testified that he believed that the terms intentionally and deliberately had the same meaning. However, after detailed questioning, Hall stated that he would not automatically answer any of the issues; instead, he would reevaluate the evidence presented. Veniremember Hall agreed that the State of Texas had the burden of proof to obtain affirmative answers to the issues. In the end, Hall indicated that intentional and deliberate could be two different things.

Appellant cites no case law to support his contention that the trial court erred. Hall was not challengeable for cause unless he had demonstrated either a bias against the defendant as a person or a bias against some phase of law upon which the defendant is entitled to rely. *Cordova*, 733 S.W.2d 175. We are to accord the trial court due deference in ruling on a challenge for cause, for the trial judge is in the better position to evaluate the credibility of the veniremember. *Harris*, 784 S.W.2d at 23–24; *Granviel*, 552 S.W.2d 107. Appellant fails to demonstrate that the trial court erred in denying the challenge for cause of veniremember Hall. *Pierce*, 777 S.W.2d at 412; *McCoy*, 713 S.W.2d at 951. Appellant's sixth point of error is overruled.

## VII.

■ In his seventh point of error, appellant complains that the trial court erred in denying his request for additional peremptory strikes.[16] To support his argument, appellant contends that he "had to use all of his peremptory strikes on individuals who clearly fell within the measuring of Tex.Code Crim.Proc.Ann. art. 35.16. When it came time to strike [veniremembers Jeffcote, Johnson and Kindell], the defense had exhausted all of their peremptory strikes."

In *Felder v. State*, 758 S.W.2d 760, 766–67 (Tex.Cr.App.1988), we held:

To preserve reversible error in regard to the denial of a defendant's challenge to a

---

**15.** Actually, the prosecutor's statement, "it would be a shame being unable to convict them *solely because there was not direct evidence*," was a statement about criminals in general in circumstantial evidence cases. Appellant's counsel objected to the prosecutor interjecting his opinion, and the trial court sustained the objection.

**16.** His seventh point of error states, "The trial court erred in failing to grant additional peremptory strikes as requested by defense counsel."

prospective juror for cause, the defendant must show that he has been forced to exercise a peremptory challenge to excuse the prospective juror to whom the defendant's challenge for cause should have been sustained, and that he has exhausted all his peremptory challenges and he had later been forced to accept a juror whom he found objectionable.

Appellant's brief assumes without argument that the trial court erred in denying his challenges for cause of veniremembers Jeffcote, Johnson and Kindell. Appellant has failed to make this initial showing.

As noted previously, the trial court did not err in denying appellant's challenge for cause of veniremember Kindell. See Part II, supra. With respect to veniremember Jeffcote, appellant's brief argued that this testimony supported the contention that trial counsel were ineffective for failure to move to quash the venire panel. As stated under appellant's ineffective assistance of counsel claim, Jeffcote informed the trial court that he had heard "someone" say that the defendant was guilty and that he should be executed. Jeffcote stated that he would not let this remark affect his deliberations. See Part IB, supra. Appellant fails to argue that Jeffcote should have been challenged for cause on this basis. Last, regarding veniremember Johnson, no where in appellant's brief is it alleged that Johnson was subject to a challenge for cause.

Moreover, the record reflects that appellant failed to exercise a peremptory challenge on either Jeffcote or Johnson, although he had several peremptory challenges available to him when both veniremembers were presented for possible peremptory challenges. Appellant clearly fails to demonstrate that he was forced to exercise a peremptory challenge against a veniremember who should have been stricken for cause, thus forcing him to accept a juror whom he found objectionable.

*Felder*, 758 S.W.2d at 766–67. Accordingly, appellant's seventh point of error is overruled.

## VIII. PENRY CHALLENGE

Appellant's eighth point of error asserts that the court's charge to the jury failed to "instruct the jury that it may take into consideration all of the evidence whether aggravating or mitigating in nature which was submitted in the full trial of the case." [17] Trial counsel objected to the punishment charge in that it violated appellant's "constitutional rights, specifically due process."

Appellant's case was tried in 1987, prior to the United States Supreme Court's opinion in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). Therein, the Court found the Texas death penalty scheme unconstitutional as applied because the punishment issues failed to provide Penry's jury with a vehicle to express its reasoned moral response to his mitigating evidence of an abusive background and mental retardation. *Id.*, 492 U.S. at 322, 109 S.Ct. at 2949. In *Black v. State*, 816 S.W.2d 350 (Tex.Cr.App.1991), this Court held that for cases tried before *Penry, Penry* claims would not be waived for failure to object. Therefore, although counsels' objection to the charge does not correspond to the objection raised on appeal, we will nonetheless address the merits of appellant's contention.

Appellant's mitigating evidence, as set forth in his brief, consists of the following:

1) A jailer testified that while appellant was incarcerated appellant never threatened any guard or caused any physical violence to any guard or jail personnel, nor was appellant ever subjected to administrative segregation.

2) A fellow county jail inmate testified that appellant was nonviolent and that at least on one occasion when appellant may have had a reason to respond to

---

17. His allegation states, "The trial court erred in overruling appellant's objection to the court's charge because [sic] the charge failed to instruct the jury that it may take into consideration all of the evidence whether aggravated or mitigating in nature which was submitted in the full trial of the case."

physical aggression, appellant chose not to.

3) A school custodian who also served as coordinator of the Jail Ministry for the Christian Life Center testified that appellant appeared humble and sincere and sensitive toward God.

Appellant's cited evidence can be given its fullest mitigating effect through the three punishment issues. As noted in *Franklin v. Lynaugh*, 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988), the issues afford evidence of good prison behavior its fullest mitigating effect. Moreover, in *Boggess v. State*, 1991 WL 87597 (Tex. Cr.App. No. 69,990, delivered May 29, 1991), this Court held that Tex.Code Crim. Proc.Ann. art. 37.071 did not unconstitutionally limit the jury's consideration of mitigating evidence of religious devotion.[18] Because the only evidence that appellant complains of consists of religious devotion and good prison behavior, his *Penry* claim is without merit. *Franklin*, 487 U.S. 164, 108 S.Ct. 2320; *Boggess*, 1991 WL 87597.

The judgment of the trial court is affirmed.

CLINTON, J., concurs in the result.

---

**18.** The author of this opinion adheres to his dissenting opinion in *Boggess v. State*, 1991 WL 87597 (Baird, J., dissenting) that evidence of religious devotion may, in some cases, be "beyond the scope of," "not relevant to" the special issues, or both.