NUMBER 13-06-00483-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ARMANDO CARRION, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court of Nueces County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant Armando Carrion, Jr. was indicted for the felony offense of credit card
abuse pursuant to section 32.31(b)(8) of the Texas Penal Code, enhanced by three prior
felony convictions. Tex. Penal Code Ann. § § 32.31, 12.42(a)(1), 12.42(a)(3) (Vernon
Supp. 2006). By a single issue, Carrion asserts that he was denied effective assistance
of counsel at trial. We affirm.

I. BACKGROUND

 On the evening of April 11, 2006, Officer Arturo Gonzalez, Jr. observed Lisa
Martinez, Carrion's girlfriend, park a vehicle she was driving in front of the Rancho Grande
apartment complex. According to Officer Gonzalez's testimony, Carrion exited from the
passenger's side of the vehicle and proceeded up the driveway of the Rancho Grande
apartment complex. Just a month earlier, Officer Gonzalez had issued a criminal trespass
warning to Carrion for trespassing at the Rancho Grande apartment complex. Officer
Gonzalez parked his police car, approached Carrion, and asked him to return to the area
near Martinez's car. 

 Officer Gonzalez then approached the car and asked for Martinez's driver's license. 
Martinez claimed she did not have her driver's license. While Officer Gonzalez was
speaking with Martinez, Carrion was looking and gesturing to a passenger in the back seat
of the car. The activity between Carrion and the vehicle's backseat passenger concerned
Officer Gonzalez because he had reason to believe Carrion could be armed and
dangerous. Officer Gonzalez knew of an incident where Carrion had assaulted a man with
a knife and noticed that Carrion had a knife on his person. Officer Gonzalez escorted
Carrion to the front of the vehicle, patted him down, and felt credit cards in his back
pockets. 

 According to Officer Gonzalez, Carrion had been a suspect in a stolen wallet case
where credit cards were taken from a wallet. Carrion was asked to take-out the credit
cards. Carrion had three credit cards in his pocket that did not belong to him. Officer
Gonzalez then arrested him for credit card abuse. According to Officer Gonzalez, Carrion
replied, "You can't arrest me for credit card abuse because I haven't used them." Officer
Gonzalez responded, "Yes. . . you're in possession of credit cards. They're not in your
name. That's why you're being placed under arrest." 

 Carrion was indicted for credit card abuse. His indictment was amended twice. The
first amendment added enhancement paragraphs, and the second amendment changed
the theory of credit card abuse. After the first indictment was issued, the state offered
Carrion a plea bargain of 180 days in jail in exchange for a guilty plea. Carrion refused the
plea offer. Following a bench trial, Carrion was found guilty. He pled true to the
enhancement paragraphs, and the trial court sentenced him to ten years in prison. After
the judgment of conviction was entered, Carrion filed a motion for new trial based on
ineffective assistance of counsel. A hearing was held and the motion was denied. This
appeal ensued. 

II. DISCUSSION

 Carrion's sole issue advances two instances where he contends he was denied
effective assistance of counsel because his trial counsel failed (1) to advise him that the
indictment could be changed, and (2) to file a motion to suppress evidence derived from
an illegal search.

A. Standard of Review

 There is a strong presumption that counsel's conduct falls within a wide range of
reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984);
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). If "there is at least the
possibility that the conduct could have been legitimate trial strategy," then we must "defer
to counsel's decision and deny relief on an ineffective assistance of counsel claim on direct
appeal." Johnson v. State, 172 S.W.3d 6, 12-13 (Tex. App.-Austin 2005, pet ref'd).

B. Applicable Law

 We apply the two-pronged Strickland test to determine whether counsel's
representation was so deficient that it violated Carrion's Sixth Amendment right to counsel.
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); see Strickland, 466
U.S. at 684; Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To show
that counsel was ineffective, an appellant must show by a preponderance of the evidence
that (1) counsel's representation fell below an objective standard of reasonableness, and
(2) there is a reasonable probability that, but for counsel's errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 686; Hernandez, 726
S.W.2d at 55.

C. Issue 1: The Indictment

 In his first issue, Carrion contends that he was denied effective assistance of
counsel at trial because his attorney failed to advise him that the form of the indictment
could be changed. Carrion was originally indicted on April 20, 2006 on two counts of credit
card abuse for "receiv[ing] a stolen credit card." Tex. Penal Code Ann. § 32.31(b)(4)
(Vernon Supp. 2006). The indictment was amended on May 11, 2006, to allege three prior
convictions - two state jail felonies for forgery and a felony for possession of a controlled
substance. The indictment was amended again on June 8, 2006, and the language in the
counts was changed from "receiv[ing] a stolen credit card" to "not being the cardholder, and
without the effective consent of the cardholder . . . possess[ing] a credit or debit card with
the intent to use it;" the enhancement paragraphs were unaltered. Id. § 32.31(b)(8).

 At his motion for new trial hearing, Carrion testified that he was offered a plea
bargain of 180 days in jail after the original indictment was filed against him. He rejected
the offer because he believed that he could only be charged with credit card abuse for
using stolen credit cards, and he never intended to use the credit cards. Carrion's trial
counsel testified at the hearing that Carrion was unwilling to plead guilty to the original
indictment because he claimed to have merely found the credit cards. On appeal, Carrion
argues that his counsel was deficient in not advising him that the indictment language
could be amended. (1) 

 The record in the instant case shows that Carrion's counsel advised him at every
stage of the indictment and trial process. At the motion for new trial hearing, Carrion's trial
counsel testified as follows:

 Q: Okay. On the subsequent one in which the enhancement paragraphs
were added increasing the range of punishment, do you recall
explaining that to Mr. Carrion, that the range of punishment had been
increased?


 A: Yes, that's correct. I initially - when they made the 180-day offer, I
had told him that they could enhance him and that that's a coercive
power of the State, that they can, you know, basically say take the
180 days or we're going to enhance your punishment.


 Q: And then when the case was reindicted next, is that when the wording
was changed from receiving stolen credit cards to possessing stolen
credit cards?


A: Yes. That was the change from S-1 to S-2.


Q: Okay. And do you recall explaining that to Mr. Carrion?


 A: Yes. We went over the new indictment saying that he was
possessing, not receiving.


 Q. And so Mr. Carrion clearly understood what he was being charged
with and the range of punishment for that offense, including the
enhancement paragraphs, before he went to trial in this case, correct?


A. Yes, that's correct.


Thus, the record reflects that Carrion was made fully aware by his trial counsel of the
charges he faced and the possible punishments available. Additionally, we note that
throughout the criminal proceedings, Carrion maintained his innocence regarding any
theory of credit card abuse. At trial, Carrion testified, "I'm not going to take nothing, not
one day. I'm not going to sign one day for this charge because I'm not guilty of it. You can
try me two years from now, and I'm still not going to sign for one day because I'm not guilty
of this." 

 The first prong of the Strickland test is that an appellant must show by a
preponderance of the evidence that his trial counsel's representation fell below an objective
standard of reasonableness. Strickland, 466 U.S. at 686. Carrion has failed to present us
with a record showing that his trial counsel's action fell below a reasonable standard. 
Carrion's first argument regarding ineffective assistance of counsel fails.

D. Issue 2: Motion to Suppress

 In his second allegation of ineffective assistance of counsel, Carrion contends that
he was denied effective assistance of counsel because his attorney failed to file a motion
to suppress evidence derived from an illegal search. 

 A trial counsel's failure to file a motion to suppress is not per se ineffective
assistance of counsel. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). Counsel
is not required to engage in the filing of futile motions. Mooney v. State, 817 S.W.2d 693,
698 (Tex. Crim. App. 1991). Rather, to satisfy the Strickland test and prevail on an
ineffective assistance claim premised on counsel's failure to file a motion to suppress, an
appellant must show by a preponderance of the evidence that the result of the proceeding
would have been different-i.e., that the motion to suppress would have been granted and
that the remaining evidence would have been insufficient to support his conviction. 
Jackson v. State, 973 S.W.2d 954, 956-57 (Tex. Crim. App. 1998). To meet his burden,
Carrion is required to produce evidence that would defeat the presumption of proper police
conduct. Id. at 957. This requires Carrion to develop the facts and details of the search
sufficient to conclude that the search was invalid. Id.

 Terry v. Ohio authorizes a pat-down search of a person for weapons when the
officer is justified in believing that the detainee may be armed and presently dangerous.
Terry v. Ohio, 392 U.S. 1, 29-30(1968). The purpose of a Terry search is to neutralize a
potentially volatile situation and to allow an officer to investigate without fear of violence;
it is not meant to discover evidence of a crime. See id.; Wood v. State, 515 S.W.2d 300,
306 (Tex. Crim. App. 1974). This does not mean that the officer must be absolutely certain
that the individual is armed; nor does the officer have to have probable cause to arrest. 
Davis v. State, 61 S.W.3d 94, 97 (Tex. App.-Amarillo 2001, no pet.). Rather, the issue is
whether a reasonably prudent officer in the same circumstances would be warranted in
believing that his safety or that of others is in danger. See Carmouche v. State, 10 S.W.3d
323, 329 (Tex. Crim. App. 2000) (stating that the officer must have before him specific and
articulable facts reasonably leading him to conclude that the suspect might possess a
weapon). 

 In the instant case, Officer Gonzalez testified that he had written a criminal trespass
warning to Carrion at the Rancho Grande apartments a month earlier. Officer Gonzalez
also testified that he knew Carrion had assaulted a man with a knife in the past and that
Carrion's gesturing with the backseat passenger caused him concern. The only witnesses
at Carrion's motion for new trial were Carrion and Carrion's trial counsel. Carrion failed to
marshal enough facts and details for us to conclude that the search was improper. 
Jackson, 973 S.W.2d at 956-57. Based on the record before us, it is unlikely that a motion
to suppress would have been granted. Carrion's claim of ineffective assistance of counsel
based on his trial counsel's failure to file a motion to suppress fails.

 We overrule Carrion's sole point of error. 

III. CONCLUSION

 The judgment of the trial court is affirmed. Tex. R. App. P. 43.2(a).


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.
1. Carrion's argument focuses on his trial counsel's failure to advise him about the various theories of
credit card abuse for which he could had been indicted. He does not argue that his trial counsel failed to warn
him about the effect of enhancement paragraphs being added to the indictment, and we will not address that
argument. Tex. R. App. P. 47.1 (providing that the court of appeals must hand down a written opinion that is
as brief as practicable but that addresses every issue raised and necessary to final disposition).