Opinion issued April 5, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00447-CR

———————————

Charles Christopher Page, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 248th District Court

Harris County, Texas



Trial Court Case No. 1275719

 



 

MEMORANDUM OPINION

Appellant, Charles Christopher Page, was
charged by indictment with aggravated robbery.[1]  Appellant pleaded not guilty.  The jury found him guilty, found two
enhancement paragraphs were true, and assessed punishment at 70 years in
prison.  In three issues, appellant
argues (1) the evidence at trial was insufficient to support the determination
that a firearm was used; (2) the trial court erred by failing to include sua sponte a definition of “firearm”
in the jury charge; and (3) he received ineffective assistance of counsel due
to his counsel’s failure to object to the lack of a definition of “firearm” in
the jury charge.

We affirm.

                                                                                                       
Background

On June 22, 2010, Olga Prado was working at a Family
Dollar store located in Houston, Texas. 
It was near closing time when she heard someone enter the store.  She looked up to greet the person and saw a
Hispanic male wearing a bandana, pointing a gun at her, and approaching
her.  She also saw an African-American
male standing at the entryway, keeping the door open, and looking around
outside.

The Hispanic male told her to open the cash register she
was standing in front of and to give him the money in it.  Scared and disoriented, Prado struggled to
figure out how to open the register.  She
called out to Veronica Espinoza, the assistant manager working that night, for
assistance.

Espinoza saw the Hispanic male enter and saw the gun.  Upon seeing the gun, she fled to the back of
the store.

Eventually, Prado was able to open the register.  She put all the money in the register, $80,
into a bag provided by the Hispanic male. 
The two men left, fleeing the scene.

A video recording from the surveillance cameras that night
was later turned over to the police. 
Officer C. Nelson supervised the investigation of the crime.  Officer Nelson received some information from
Crime Stoppers indicating that appellant and Jesse Trevino were
involved in the crime.  

Officer Nelson presented Prado with a photograph lineup,
including a picture of Trevino, but Prado did not identify him.  Subsequently, Officer Nelson presented Prado
with a live lineup including Trevino, and Prado identified him. Following a
police interrogation of Trevino, Officer Nelson obtained a warrant for appellant’s
arrest.

During his police interrogation, appellant confessed,
admitting to receiving $25 for his involvement in the offense.  During the interrogation, appellant asserted
that the weapon Trevino used was a toy, CO2-propelled gun.

                                                                                                       
Jury Charge

In his second issue, appellant argues that the trial court
erred by failing to include sua sponte
a definition of “firearm” in the jury charge.

A.            
Standard of Review

When reviewing jury-charge error, we first determine if
error actually exists in the jury charge. 
See Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005); Johnson
v. State, 227 S.W.3d 180, 182 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  If we find
error, we then determine whether it harmed the appellant.  Ngo,
175 S.W.3d at 743. 


The degree of harm requiring reversal depends upon whether
an objection was raised to the error at trial.  Arline v. State, 721 S.W.2d 348, 351 (Tex.
Crim. App. 1986).  If appellant
did not make a proper objection at trial, appellant “will obtain a reversal
only if the error is so egregious and created such harm that he has not had a
fair and impartial trial.”  See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).
 Under an egregious harm analysis, a
reviewing court examines “the entire jury charge, the state of the evidence,
including the contested issues and weight of the probative evidence, the
arguments of counsel, and any other relevant information revealed by the record
of the trial as a whole.”  Warner v. State, 245
S.W.3d 458, 461 (Tex. Crim. App. 2008).  “Errors that result in egregious harm are
those that affect the very basis of the case, deprive the defendant of a
valuable right, or vitally affect a defensive theory.”  Id. at 461–62.

B.            
Analysis

Appellant was charged with aggravated robbery.  See
Tex. Penal Code Ann. §§ 29.02(a), 29.03(a) (Vernon 2011),
§ 31.03(a) (Vernon Supp. 2011).  As it applies to this case, a person commits
aggravated robbery when he commits the offense of robbery and uses or exhibits
a deadly weapon.  Id. § 29.03(a)(2).  The portion of appellant’s indictment
concerning the deadly weapon stated that he “did then and there use and exhibit
a deadly weapon, namely, A FIREARM.” 
Appellant argues that the trial court erred by failing to include a
definition of firearm in the charge.

“Firearm” is defined in Chapter 46 of the Texas Penal
Code.  See id. § 46.01(3) (Vernon Supp. 2011).  That definition, however,
is limited to statutes “[i]n this chapter.”  Id. § 46.01.

As the State points out, the Court of Criminal Appeals has
held that it is improper to include the definition of a term defined in Chapter
46 of the Texas Penal Code in a jury charge on aggravated robbery.  Garrison
v. State, 726 S.W.2d 134, 138 (Tex. Crim. App. 1987); see also Lee v. State, 866 S.W.2d 298, 301 (Tex. App.—Fort Worth
1993, pet. ref’d). 
Otherwise, when a term is not statutorily defined, it is given its usual
meaning, and no specific instruction is required.  Smith v. State, 297 S.W.3d 260, 275 (Tex. Crim. App. 2009).

In his reply brief, appellant points out that Garrison concerned an instance when a
term defined in Chapter 46 had been included in the charge.  Garrison,
726 S.W.2d at 138. 
In its analysis, the court recognized it was “difficult to characterize
the definition as ‘error’ because it is not that the definition does not fit
the weapon used by appellant, but simply that the specific definition is set
out for use with Chapter 46 offenses.”  Id. at 138–39.

While we agree with this summary of the case, the issue
presented for us is whether the trial court was required sua sponte to include the Chapter 46
definition in the charge.  The court held
in Garrison that “the trial court
should not have included such [a] definition in the aggravated robbery
charge.”  Id. at 138.  It went on to hold that, regardless of the
court’s hesitancy to characterize the inclusion of the instruction as “error,”
it was, nevertheless, a “mistake.”  Id. at 139.  In this case, the trial court cannot be
required to include sua sponte
a definition that the Court of Criminal Appeals has held should not be included
in the charge.

We hold that the trial court did not err by failing to
include a definition of firearm in the jury charge.  We overrule appellant’s second issue.

                                                                     
Ineffective Assistance of Counsel

In his third issue, appellant argues that he received
ineffective assistance of counsel due to his counsel’s failure to object to the
lack of a definition of “firearm” in the jury charge.  This complaint, however, is premised on a
determination that a definition of “firearm” would have been properly included
in the charge.  We have already held that
such a definition would not have been proper. 
Accordingly, appellant has not received ineffective assistance of
counsel due to his counsel’s failure to object to the lack of the definition in
the jury charge.  See Mooney v. State, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991)
(holding counsel is not required to engage in filing of futile motions).

We overrule appellant’s third issue.

                                                                               
Sufficiency of the Evidence

In his first issue, appellant argues the evidence at trial
was insufficient to support the determination that a firearm was used.

A.            
Standard of Review

This Court reviews sufficiency-of-the-evidence challenges
applying the same standard of review, regardless of whether an appellant
presents the challenge as a legal or a factual sufficiency challenge.  See
Ervin v. State, 331 S.W.3d 49, 53–54 (Tex. App.—Houston [1st Dist.] 2010,
pet. ref’d) (construing majority holding of Brooks v. State, 323 S.W.3d 893 (Tex. Crim.
App. 2010)).  This standard of review is
the standard enunciated in Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  See id.
at 54.  Pursuant
to this standard, evidence is insufficient to support a conviction if,
considering all the record evidence in the light most favorable to the verdict,
no rational fact finder could have found that each essential element of the
charged offense was proven beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; In re Winship, 397 U.S. 358, 361, 90 S. Ct.
1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim.
App. 2009); Williams v. State, 235
S.W.3d 742, 750 (Tex. Crim. App. 2007).  We
can hold evidence to be insufficient under the Jackson standard in two circumstances: (1) the record contains no
evidence, or merely a “modicum” of evidence, probative of an element of the
offense, or (2) the evidence conclusively establishes a reasonable doubt.  See Jackson, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at
2786, 2789 & n.11; see also Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.

The
sufficiency-of-the-evidence standard gives full play to the responsibility of
the fact finder to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate facts.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  An appellate court presumes that the fact
finder resolved any conflicts in the evidence in favor of the verdict and
defers to that resolution, provided that the resolution is rational.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  In viewing the record, direct and circumstantial
evidence are treated equally; circumstantial evidence is as probative as direct
evidence in establishing the guilt of an actor, and circumstantial evidence
alone can be sufficient to establish guilt.  Clayton,
235 S.W.3d at 778.  Finally, the “cumulative force” of all the
circumstantial evidence can be sufficient for a jury to find the accused guilty
beyond a reasonable doubt.  See Powell v. State, 194
S.W.3d 503, 507 (Tex. Crim. App. 2006).

B.            
Analysis

As appellant acknowledges, Prado and Espinoza testified
that the weapon used in the offense was real and not a toy gun.  In contrast, appellant stated in his police
interrogation, a video recording of which was admitted into trial, that the
weapon was a toy, CO2-propelled gun. 
Appellant asserts that “the two women’s belief that the ‘gun’ was real
is not evidence of whether . . . it was a
‘firearm.’”  Appellant relies on Wright v. State, 591 S.W.2d 458 (Tex.
Crim. App. 1979).

In Wright, the
testimony at trial established that the weapon used was described as a “gun,”
“revolver,” and “pistol.”  Id. at 459.  The defendant argued that, in order for the
evidence to be legally sufficient to establish the use of a deadly weapon, a
witness must use the term “firearm” or otherwise prove the use of a deadly
weapon under one of the alternative statutory definitions.  Id.  The court disagreed, holding “[t]estimony using any of the terms ‘gun,’ ‘pistol,’ or
‘revolver’” was sufficient.  Id. 


Appellant appears to believe that the court, in its
holding, rejected the argument that the terms “gun,” “revolver,” and “pistol”
met the definition of “firearm.”  We
disagree.  The only question before the
court was whether these terms fit the statutory definition of “deadly
weapon.”  It was not necessary for the
court to determine if these terms also fit the definition of “firearm,” which
is defined as being a deadly weapon.  See Tex.
Penal Code Ann. § 1.07(a)(17)(A) (Vernon
Supp. 2011) (defining “deadly weapon”).

Prado and Espinoza described the weapon used in the offense
as a “gun.”  We hold that this is
sufficient to establish that a firearm was used or exhibited in the commission
of the offense.

Appellant also argues that a toy, CO2-propelled
gun does not meet the definition of “firearm” under Chapter 46 of the Texas
Penal Code.  We have already held that
the definition of “firearm” under Chapter 46 does not directly apply to a
charge of aggravated robbery.  Even if we
used the definition of “firearm” under Chapter 46 as a definition of its usual
meaning, appellant’s argument still fails. 
See Smith, 297 S.W.3d at 275
(holding words not statutorily defined are given their usual meaning); Lee, 866 S.W.2d at 300 (using Chapter 46
definitions as aid to determine usual meanings); Brown v. State, 212 S.W.3d 851, 860 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d) (using Chapter 46 definition of
“firearm” in analysis for aggravated robbery).

The only evidence in the record that the weapon was a toy
gun was from appellant’s police interrogation. 
In contrast, Prado and Espinoza testified that the gun was real.  An
appellate court presumes that the fact finder resolved any conflicts in the
evidence in favor of the verdict and defers to that resolution, provided that
the resolution is rational.  See Jackson, 443 U.S. at 326, 99 S. Ct.
at 2793.  

Appellant argues
in his reply brief that to allow the jury to disbelieve appellant’s assertion
that the gun was a toy gun “shifts the burden from the [S]tate
to prove the gun was a firearm to the defendant to prove that it was not.”  We disagree.

The State bore the
burden of proving beyond a reasonable doubt that the weapon used was a
firearm.  See Brown, 212 S.W.3d at 860 (holding State bears burden of proving
beyond reasonable doubt descriptive matters alleged in indictment).  The testimony from two eye-witnesses that the
weapon used was a real gun was sufficient to meet this burden.  See
Wright, 591 S.W.2d at 459.  Appellant’s assertion that the weapon was a
toy, CO2-propelled gun does not, by itself, overcome the other
evidence to prevent a determination of guilt beyond a reasonable doubt.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.

We hold that the
evidence was sufficient to establish that a firearm was used in the commission
of the offense.  We overrule appellant’s
first issue.




 

                                                                                                          
Conclusion

We affirm the judgment of the trial court.

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]         See
Tex. Penal Code Ann. §§ 29.02(a), 29.03(a) (Vernon 2011),
§ 31.03(a) (Vernon Supp. 2011).