

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00286-CR

WALTER GARRETT LINEBERGER                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Walter Garrett Lineberger appeals the revocation of his deferred adjudication community supervision and subsequent punishment for burglary.

After a grand jury indicted Lineberger in April 2010 for burglary of a habitation, the State filed a notice of intent to seek a deadly weapon finding. Pursuant to a plea bargain, Lineberger pleaded guilty in exchange for five years' deferred adjudication community supervision and a $1,000 fine, among other

---

[1]*See* Tex. R. App. P. 47.4.

conditions, including a plea in bar of four other pending criminal cases, without objecting to the deadly weapon finding.

In March 2012, the State filed its first amended second petition to proceed to adjudication. After Lineberger entered an open plea of "true but" to violating a condition of his deferred adjudication community supervision, the trial court adjudicated him guilty of burglary of a habitation, included the deadly weapon finding, and sentenced him to eight years' confinement.[2] This appeal followed.

In his two points, Lineberger claims that the trial court erred by not sua sponte ignoring the State's deadly weapon notice because that allegation was not returned by the grand jury and, alternatively, that he received ineffective assistance of counsel when defense counsel failed to object to the State's deadly weapon notice.

We note initially that Lineberger failed to preserve his deadly weapon complaint for our review. *See* Tex. R. App. P. 33.1(a); *see also Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) ("The [trial] court needs to be presented with and have the chance to rule on the specific constitutional objection because it can have such heavy implications on appeal."). Nothing in the record reflects that Lineberger ever objected to the inclusion of the deadly weapon finding. *See* Tex. R. App. P. 33.1; *see also Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999) (observing that by entering into a contractual

---

[2]The State's original plea offer on revocation was for fifteen years' confinement.

relationship in a plea bargain without objection, "a defendant affirmatively waives any rights encroached upon by the terms of the contract"), *cert. denied*, 529 U.S. 1088 (2000).

Further, although a defendant is entitled to written notice that the State will seek an affirmative finding that a deadly weapon was used in the commission of the charged crime, "[s]uch notice need not be contained in the indictment under which the defendant is ultimately tried."[3] *Brooks v. State*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993) (stating that the defendant is simply entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution). Therefore, while Lineberger complains in his second point that he received ineffective assistance of counsel when counsel failed to object to the deadly weapon notice as not having originated with the grand jury, had the

---

[3]Although Lineberger argues that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), stands for the proposition that a defendant facing criminal charges is entitled to a grand jury determination of any fact on which the legislature has conditioned an increase in the defendant's maximum punishment, here, there was no change in the punishment range of two to twenty years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 30.02(c)(2) (West 2011) (stating that burglary is a second-degree felony if committed in a habitation); *see also id.* § 12.33 (West 2011) (stating that an individual adjudged guilty of a second-degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and may also be punished by a fine not to exceed $10,000); *Williams v. State*, 889 S.W.2d 687, 690 (Tex. App.—Fort Worth 1994, no pet.) ("An affirmative deadly weapon finding does not affect the assessment of punishment. Instead, such a finding only affects a defendant's parole eligibility."). Further, *Ring* is inapposite, as it pertains to *jury trial* findings, not grand jury findings. *Cf.* 536 U.S. at 588–89, 122 S. Ct. at 2432 (stating that criminal defendants are entitled a jury determination of any fact on which the legislature conditions an increase in their maximum punishment).

objection been made, the trial court would have properly overruled it. *See id.* And counsel is not required to make a futile objection.[4] *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *Diaz v. State*, 380 S.W.3d 309, 312 (Tex. App.—Fort Worth 2012, pet. ref'd).

We overrule both of Lineberger's points and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY and DAUPHINOT, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 18, 2013

---

[4]Because Lineberger waived having the revocation hearing recorded, he has otherwise presented us with nothing to review. *Cf. Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (requiring an ineffective assistance claim to be "firmly founded in the record").