Robert Dewayne **GANT**, Sr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–03–527 CR.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 21, 2004.

Decided Dec. 29, 2004.

Discretionary Review Refused April 6, 2005.

Karla J.M. Rogers, Vidor, for appellant.

John D. Kimbrough, County Atty., Gary R. Bonneaux, Asst. County Atty., Orange, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Appellant was indicted for intentionally fleeing from a person he knew was a peace officer attempting to arrest him on or about February 16, 2002. An additional allegation indicated appellant had been previously convicted for evading detention in 1997, raising his punishment exposure to that of a third degree felony. *See* TEX. PEN.CODE ANN. § 38.04(a), (b)(2)(A) (Vernon 2003). Following the jury's "guilty" verdict, appellant pleaded "true" to the 1997 enhancement allegations, and was assessed punishment at seven years' incarceration in the Texas Department of Criminal Justice, Correctional Institutions Division, and assessed a fine of $2,000. Three issues are presented to us in this appeal, *viz*:

   1. Whether the trial court erred in denying the defense's challenge of nine prospective jurors for cause.

   2. Whether the trial court erred in admitting prejudicial hearsay over the defense counsel's objection.

   3. Whether the trial counsel rendered ineffective assistance to defendant in failing to object and or suppress his incriminating statements made in violation of federal and state law.

Finding no error, we affirm the judgment of the trial court.

   ■ Under issue one, the record reflects that at the conclusion of voir dire, trial counsel requested discharge of the following numbered venire-persons because "they have stated that they must hear both sides of the story before rendering the decision in the case in violation of the defendant's right to remain silent ... 7, 8, 16, 32, 25, 26, 35, 22, and 36." The trial court denied this request.

To preserve error on erroneously denied challenges for cause, an appellant must demonstrate that he asserted a clear and specific challenge for cause, that he used a peremptory challenge on the complained-of venireperson, that all of his peremptory challenges were exhausted, that his request for additional strikes was denied, and that an objectionable juror sat on the jury. *Mathis v. State,* 67 S.W.3d 918, 922 (Tex. Crim.App.2002). The record before us indicates that appellant did not use peremptory challenges on jurors seven, eight, and twenty-six, and they subsequently served on the jury. The record does not indicate that appellant requested any additional strikes. Appellant has failed to preserve error on this issue. Issue one is overruled.

   ■ Appellant's second issue contends the trial court permitted prejudicial hearsay to be admitted over timely objection. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial, offered in evi-

dence to prove the truth of the matter asserted. *See* Tex.R. Evid. 801(d). The trial court is the institutional arbiter of whether an out-of-court statement is admissible in the face of a hearsay objection. *See Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App.1994). Whether evidence is admissible under some provision of Article VIII of the Texas Rules of Evidence is a question for the trial court to resolve, and is reviewable on appeal only under an abuse of discretion standard. *See Id.* at 149.

The record reflects that on February 16, 2002, Detective Sarah Ann Jefferson–Simon of the City of Orange Police Department was working as an off-duty escort for a funeral when she observed appellant driving a red vehicle. Detective Jefferson–Simon recognized appellant from prior encounters with him over her fourteen years with the Orange Police Department, as well as from knowing several members of appellant's family. On this particular occasion, she also was aware that appellant had an outstanding federal warrant for his arrest. As appellant slowly passed Detective Jefferson–Simon's police unit, he made eye contact with her, and she pulled her vehicle onto the roadway in pursuit, activating her emergency lights in the process. Appellant increased the speed of his vehicle, and Detective Jefferson–Simon continued to pursue. After running through several stop signs, appellant abandoned his vehicle at the end of a dead-end street and fled on foot. Detective Jefferson–Simon didn't engage in foot pursuit of appellant, but radioed for back-up units to assist. Appellant was not located on that occasion.

Two days later, Detective Jefferson–Simon received a call from a confidential informant who stated that appellant was at his girlfriend's apartment at a certain address in the city of Orange. Along with three other detectives, Detective Jeffer-son–Simon went to the stated address and found appellant asleep on the couch. On direct examination, Detective Jefferson–Simon testified as follows:

Q.[State] What did you say to the defendant?

A.[Jefferson–Simon] We—one of the officers handcuffed him. I'm not sure which one of us handcuffed him; and then I told him, I said, "Yeah, you got away from me on Saturday; but you won't get away today."

Q. What did the defendant say?

A. He told me at the time, he said something to the effect that, yes, if I would have waited a little later he was going to be gone and that he should have left prior to that like he started to at first and I wouldn't have gotten him.

Q. Did the defendant at any time deny that it was him that ran from you that Saturday, the 16th?

A. No, he did not.

On cross-examination, appellant's trial counsel took issue with several aspects of the police investigation of the charged offense, with the following questions being related to the detective's prior testimony surrounding the arrest of appellant:

Q.[Trial Counsel] All right. Now, you testified that you went over and personally arrested Mr. Gant a couple of days later and he said something to the effect—and I'm not necessarily using this for a direct quote—but something necessarily to the effect, according to you, that if he would have left earlier he wouldn't have been there and he should have left earlier?

A. That's what he said, something to that effect, to me.

Q. Okay. I'm going to tender to you the offense report dated 2–18–02 and consists of two pages. (Tendering) Is

298

that your entire offense report regarding that incident?

A. Yes, it is.

Q. Is there anywhere in that offense report where you have indicated that Mr. Gant said anything to you about should have left earlier or that he would have left earlier had he known you were coming?

A. No, it's not. (Returning same)

Q. Did you write a complete offense report in this case?

A. That is a complete offense report.

Q. Is that a "yes," ma'am?

A. Yes, it is.

It was within this testimonial context that the statement in question under issue two was admitted. Detective Danny Hodges of the City of Orange Police Department was also called as a witness for the State. Detective Hodges was one of the other detectives present when appellant was arrested at his girlfriend's apartment. Appellant directs our attention to the following direct examination testimony of Detective Hodges:

Q. [State] Okay. Where was the defendant?

A. [Hodges] He was in an apartment at Chivas Square Apartments off of Meeks Drive lying on a couch I believe in the living room area.

Q. Okay. And do you recall him being handcuffed?

A. I handcuffed him.

Q. Okay. And did Sarah Jefferson say anything to him?

[Trial Counsel]: Your Honor, I object as hearsay.

THE COURT: Did she say anything is not hearsay.

Q. [State] Did—did she say anything to him?

A. Yes, sir, she did.

Q. Okay. And did she make a reference to the defendant evading her on Saturday—

[Trial Counsel]: Your Honor—

Q. [State] —the Saturday before?

[Trial Counsel]: —this is hearsay.

[State]: Your Honor, she's already testified; and we're just going to go into what he said in response to Sarah Jefferson. So, at this point in time we're not offering what Sarah Jefferson said for the truth of the matter but we're just going into what the defendant said.

THE COURT: Overruled.

A. Answer your question?

Q. [State] Yes.

A. She made the statement to the defendant that something to the effect that, "You got away from me Saturday but you didn't get away today."

Q. And what did the defendant say?

A. He acknowledged her by saying, "Yes." And then made the statement, something to the effect of "If you had not—if you had been here a few hours later, I would not have been here."

In his brief, appellant contends that his objection to Detective Hodges' recollection of what Detective Jefferson–Simon stated to appellant "was made not to the substance of [Detective Hodges'] testimony but to the form, i.e. That [sic] it was hearsay." Appellant further explains:

Sarah Jefferson's live testimony was not hearsay; what she stated in the presence of her fellow police officers was. [Hodges'] testimony indirectly attempted to bolster Jefferson's previous testimony by admitting her hearsay statements. Bolstering by its very nature is objectionable and harmful.

■ In its brief, the State initially argues appellant failed to preserve the issue, and then argues that the State was not

offering Detective Jefferson–Simon's remark through Detective Hodges' testimony for the truth of what Detective Jefferson–Simon stated, but only "to show what was said." Although this latter argument by the State appears to be the reason provided to the trial court for the testimony's admissibility, there are other possibilities. Generally, the State, as the proponent of the evidence, has the burden of proving to the trial court, by a preponderance of the evidence, that such testimony is admissible under the hearsay rules. *See Meador v. State*, 812 S.W.2d 330, 333 (Tex. Crim.App.1991) (citing *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987) (stating that a proponent of evidence had the burden of showing, by a preponderance of the evidence, that the testimony was admissible under a hearsay exception)).

As Detective Jefferson–Simon was impeached by appellant's trial counsel with the fact she failed to include the verbal exchange between herself and appellant at the time of appellant's arrest in her offense report, it was reasonable for the State to attempt to rehabilitate her through Detective Hodges' recounting of the event. If, under these circumstances, rehabilitation is an exception to the general rule of inadmissibility of hearsay, the State does not provide us with authority. Moreover, we disagree with the State's contention that Detective Hodges' testimony at issue here was not offered for the truth of what Detective Jefferson–Simon said, but merely for "going into what the defendant said." Taken out of context, "what the defendant said" was merely a reply to Detective Jefferson–Simon's remark that he got away from her on Saturday, but not this day. Standing alone, appellant's reply appears to lose its incriminatory value. Tex.R. Evid. 801(e)(2)(A) provides that a party's own statement offered into evidence against him is not

hearsay. Strictly speaking, that is not the problem with which we are faced, although this appears to be what the State was urging to the trial court for the admissibility of the out-of-court remark of Detective Jefferson–Simon.

■ Though not mentioned by either party at trial or on appeal, Tex.R. Evid. 801(e)(2)(B) may provide an answer. Rule 801(e)(2)(B) provides that a statement of which a party has manifested an adoption or belief in its truth is also not hearsay if offered into evidence against that party. *See* Tex.R. Evid. 801(e)(2)(B). Known as an "adoptive admission," it occurs when a statement is made in the defendant's presence, the defendant understands the statement, the statement calls for a reply, and the defendant remains silent or acquiesces to the statement, although not under arrest. *See Crestfield v. State*, 471 S.W.2d 50, 53 (Tex.Crim.App.1971); *see also Tucker v. State*, 771 S.W.2d 523, 535 n. 5 (Tex. Crim.App.1988) (Rule 801(e)(2)(B) is the codification of the "Crestfield Doctrine."). The Court in *Crestfield* further held, however, that since the defendant was under arrest at the time the declaration was made in his presence, in the face of a timely and proper objection, the testimony should be excluded. *Crestfield*, 471 S.W.2d at 54. The Court further noted that the proper objection to such a declaration or statement is that the defendant was under arrest at the time, making the admission of such evidence an infringement against the defendant's rights against self-incrimination and a violation of the confession statute under both Tex. Code Crim. Proc. Ann. arts. 38.21 & 38.22 (Vernon 1979 & Supp.2005). *Id.*

■ In the instant case, appellant was under arrest at the time Detective Jefferson–Simon's statement was made. At trial, the appellant's objection to the admissi-

bility of the statement through Detective Hodges was that it was hearsay. Assuming without deciding that appellant's apparent affirmation of Detective Jefferson–Simon's remark equated to a confession while he was under arrest, the lack of a proper objection when the statement was proffered failed to preserve the issue for appellate review. *See Gibson v. State*, 516 S.W.2d 406, 409 (Tex.Crim.App.1974).

█ Finally, the testimony of Detective Hodges was cumulative of Detective Jefferson–Simon's testimony on the same matter. The admission of evidence is not reversible error if the same facts are proven by other properly admitted evidence. *See Matz v. State*, 21 S.W.3d 911, 912 (Tex.App.-Fort Worth 2000, pet. ref'd); Tex.R.App. P. 44.2(b). Rule 103(a) of the Texas Rules of Evidence would also compel us to disregard the error. *See Jackson v. State*, 17 S.W.3d 664, 672 (Tex.Crim. App.2000); *see also* Tex.R. Evid. 103(a). We overrule issue two.

Appellant's last issue contends his trial counsel's performance was deficient for the single omission of failing to object to Detective Jefferson–Simon's testimony relating what appellant said in response to her comment to him during his arrest. Appellant contends he was in custody when he made the incriminating statements and the statements were not *res gestae* of the offense. Appellant argues trial counsel was ineffective in failing to recognize the incriminating statement made by appellant, without benefit of his *Miranda*[1] warnings, violated appellant's rights under both the United States and Texas Constitutions, as well as Tex.Code Crim. Proc. Ann. arts. 38.22 & 38.23 (Vernon 1979 & Supp.2004).

█ In *Miranda*, the Court held that an individual's privilege against self-incrimination is jeopardized when he is taken into custody or otherwise deprived of his freedom by the authorities in any significant way *and is subjected to questioning*. *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Therefore, the privilege against self-incrimination in the context of *Miranda* comes into play only when an individual is subjected to *custodial interrogation* by the authorities. *Id.* "That a person makes a statement at a police station in response to questioning does not automatically make the resulting statement the product of 'custodial interrogation.'" *See Holland v. State*, 770 S.W.2d 56, 58 (Tex. App.-Austin 1989), *aff'd*, 802 S.W.2d 696 (Tex.Crim.App.1991). Furthermore, an offhand remark by police personnel, not designed to licit any kind of response from an individual in custody, does not constitute custodial interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 302–03, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). "'Interrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." *Id.* at 300, 100 S.Ct. 1682. It is important to recognize the Court in *Miranda* provided a reasoned approach to admissibility of incriminating statements made by non-suspects as well as by individuals in custody:

> In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without benefit of warnings and counsel, but whether

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today. *Miranda,* 384 U.S. at 478, 86 S.Ct. 1602 (footnote omitted).

 Like *Miranda,* art. 38.22 of the Texas Code of Criminal Procedure applies only to statements made as the result of custodial interrogation. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22, § 5 (Vernon 1979) ("Nothing in this article precludes the admission of a statement made by the accused ... that does not stem from custodial interrogation...."). In the instant case, when appellant made the statements in question, he was not being subjected to questioning by the arresting police personnel. Although incriminating, the statements appear to have been made spontaneously and voluntarily. Since appellant's remarks were otherwise admissible as an admission by a party-opponent under TEX.R. EVID. 801(e)(2), and were not the product of custodial interrogation, trial counsel had no duty to object or to attempt to suppress them. We find no deficient performance on the part of trial counsel under the record before us. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 988 S.W.2d 770 (Tex.Crim. App.1999). Issue three is overruled. The judgment of the trial court is affirmed.

AFFIRMED.