COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-04-558-CR

                                               2-04-559-CR

 

 

LADRICK DEON MACKEY A/K/A                                             APPELLANT

LADERICK
DEON MACKEY

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








Appellant Ladrick Deon Mackey
a/k/a Laderick Deon Mackey appeals from his convictions for aggravated sexual
assault of a child under fourteen and indecency with a child.  In his sole point, appellant contends that the
trial court erred in overruling his challenge for cause because a venireperson
said that he could not consider the minimum range of punishment.  We affirm. 


Background Facts

Appellant was indicted in two
cases.  In cause number 0866273A, the
State charged appellant with six counts of aggravated sexual assault of a child
and indecency with a child.  In cause
number 0866262A, the State charged the same offenses, but with a different
complainant.  Both cases were tried together.

Voir dire began on October
12, 2004.  During the State=s voir dire, venireperson Sylvester Brown initially indicated that he
could not consider the low range of punishment. 
After questioning other veniremembers, the prosecutor asked the
veniremembers individually if they could consider the full range of
punishment.  When the prosecutor reached
venireperson Brown, he indicated that he would be able to consider the full
range.  When the trial judge asked venireperson
Brown if he had reconsidered his earlier position, he responded that he would
wait and hear the evidence before making a decision. 








During appellant=s voir dire, defense counsel did not question venireperson Brown about
his inability to consider the full range of punishment, but instead questioned
him about his prior witness experience as a parole officer.  Appellant challenged venireperson Brown for
cause on the ground that he was unable to consider the full range of
punishment.  The trial court overruled
the challenge. Appellant stated that since the trial court did not grant his
challenge for cause, he had to use a peremptory strike on venireperson Brown
that he would have used for venireperson Freddy Lynn Proctor, who sat on the
jury.

In cause number 0866262A, the
jury found appellant guilty of two counts of aggravated sexual assault of a
child under fourteen, two counts of indecency with a child by contact, and one
count of indecency with a child by exposure. 
In cause number 08662738A, the jury found appellant guilty of one count
of indecency with a child by contact and not guilty of aggravated sexual
assault of a child.

Analysis

In his sole point, appellant
contends that the trial court erred in overruling his challenge for cause to
venireperson Brown because he stated that he could not consider the minimum
range of punishment.  The State argues
that appellant did not properly preserve error.








To preserve error for a trial
court=s denial of a valid challenge for cause, it must be demonstrated on
the record that appellant asserted a clear and specific challenge for cause,
that he used a peremptory challenge on that juror, that all his peremptory
challenges were exhausted, that his request for additional strikes was denied,
and that an objectionable juror sat on the jury.  Green v. State, 934 S.W.2d 92, 105 (Tex.
Crim. App. 1996), cert. denied, 520 U.S. 1200 (1997); see also Mathis
v. State, 67 S.W.3d 918, 922 (Tex. Crim. App. 2002), cert. denied,
125 S. Ct. 2940 (2005).  There is no
indication in the record that appellant requested additional strikes that were
denied; therefore, he did not properly preserve error on this issue.  Gant v. State, 153 S.W.3d 294, 296
(Tex. App._Beaumont 2004, pet. ref=d). 

Alternatively, the trial
court did not abuse its discretion in overruling appellant=s objection because venireperson Brown was a vacillating
veniremember.  In the case of a
vacillating veniremember such as Brown, we defer to the decision of the trial
court, which was in a position to actually see and hear the veniremember in the
context of the voir dire.   Granados
v. State, 85 S.W.3d 217, 232-33 (Tex. Crim. App. 2002), cert. denied,
538 U.S. 927 (2003).  Such a ruling will
not be disturbed unless there is no adequate basis in the record to support the
ruling.  Vuong v. State, 830
S.W.2d 929, 944 (Tex. Crim. App.), cert. denied, 506 U.S. 997
(1992).  Elements such as demeanor and
tone of voice, among other things, are important factors in conveying the
precise message intended by the veniremember. 
Mooney v. State, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991).  








Venireperson Brown initially
indicated that he could not consider the low range of punishment, but later
told the trial judge that he was going to wait and hear the evidence before
deciding what punishment would be appropriate. 
In light of venireperson Brown=s apparently contradictory statements, we defer to the trial judge,
who was best-positioned to evaluate his demeanor and voir dire as a whole.  See Threadgill v. State, 146 S.W.3d
654, 669 (Tex. Crim. App. 2004). 
Therefore, we overrule appellant=s sole point.

Conclusion

Having overruled appellant=s sole point, we affirm the judgments of the trial court.

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 27, 2005











[1]See Tex. R. App. P. 47.4.