MACKEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-558-CR

        
2-04-559-CR

LADRICK DEON MACKEY A/K/A APPELLANT

LADERICK DEON MACKEY

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Ladrick Deon Mackey a/k/a Laderick Deon Mackey appeals from his convictions for aggravated sexual assault of a child under fourteen and indecency with a child.  In his sole point, appellant contends that the trial court erred in overruling his challenge for cause because a venireperson said that he could not consider the minimum range of punishment.  We affirm.  

Background Facts

Appellant was indicted in two cases.  In cause number 0866273A, the State charged appellant with six counts of aggravated sexual assault of a child and indecency with a child.  In cause number 0866262A, the State charged the same offenses, but with a different complainant.  Both cases were tried together.

Voir dire began on October 12, 2004.  During the State’s voir dire, venireperson Sylvester Brown initially indicated that he could not consider the low range of punishment.  
After questioning other veniremembers, the prosecutor asked the veniremembers individually if they could consider the full range of punishment.  When the prosecutor reached venireperson Brown, he indicated that he would be able to consider the full range.  
When the trial judge asked venireperson Brown if he had reconsidered his earlier position, he responded that he would wait and hear the evidence before making a decision. 

During appellant’s voir dire, defense counsel did not question venireperson Brown about his inability to consider the full range of punishment, but instead questioned him about his prior witness experience as a parole officer.  Appellant challenged venireperson Brown for cause on the ground that he was unable to consider the full range of punishment.  The trial court overruled the challenge. Appellant stated that since the trial court did not grant his challenge for cause, he had to use a peremptory strike on venireperson Brown that he would have used for venireperson Freddy Lynn Proctor, who sat on the jury.

In cause number 0866262A, the jury found appellant guilty of two counts of aggravated sexual assault of a child under fourteen, two counts of indecency with a child by contact, and one count of indecency with a child by exposure.  In cause number 08662738A, the jury found appellant guilty of one count of indecency with a child by contact and not guilty of aggravated sexual assault of a child.

Analysis

In his sole point, appellant contends that the trial court erred in overruling his challenge for cause to venireperson Brown because he stated that he could not consider the minimum range of punishment.  The State argues that appellant did not properly preserve error.

To preserve error for a trial court’s denial of a valid challenge for cause, it must be demonstrated on the record that appellant asserted a clear and specific challenge for cause, that he used a peremptory challenge on that juror, that all his peremptory challenges were exhausted, that his request for additional strikes was denied, and that an objectionable juror sat on the jury. 
 Green v. State, 
934 S.W.2d 92, 105 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997)
; 
see also Mathis v. State
, 67 S.W.3d 918, 922 (Tex. Crim. App. 2002), 
cert. denied
, 125 S. Ct. 2940 (2005).  There is no indication in the record that appellant requested additional strikes that were denied; therefore, he did not properly preserve error on this issue.  
Gant v. State
, 153 S.W.3d 294, 296 (Tex. App.སྭBeaumont 2004, pet. ref’d). 

Alternatively, the trial court did not abuse its discretion in overruling appellant’s objection because venireperson Brown was a vacillating veniremember.  In the case of a vacillating veniremember such as Brown, we defer to the decision of the trial court, which was in a position to actually see and hear the veniremember in the context of the voir dire.   
Granados v. State,
 85 S.W.3d 217, 232-33 (Tex. Crim. App. 2002), 
cert. denied
, 538 U.S. 927 (2003).  Such a ruling will not be disturbed unless there is no adequate basis in the record to support the ruling.  
Vuong v. State
, 830 S.W.2d 929, 944 (Tex. Crim. App.), 
cert. denied
, 506 U.S. 997 (1992).  Elements such as demeanor and tone of voice, among other things, are important factors in conveying the precise message intended by the veniremember.  
Mooney v. State
, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991).  

Venireperson Brown initially indicated that he could not consider the low range of punishment, but later told the trial judge that he was going to wait and hear the evidence before deciding what punishment would be appropriate.  In light of venireperson Brown’s apparently contradictory statements, we defer to the trial judge, who was best-positioned to evaluate his demeanor and voir dire as a whole.  
See Threadgill v. State
, 146 S.W.3d 654, 669 (Tex. Crim. App. 2004).  Therefore, we overrule appellant’s sole point.

Conclusion

Having overruled appellant’s sole point, we affirm the judgments of the trial court.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.