December 24, 2014    82,248-01

TO: Texas Court of Criminal Appeals
Clerk of the Court
P.O. Box 12308
Austin, TX 78711-2308

FROM: Frankie Nealy # 1714921
Ellis Unit
1697 FM 980
Huntsville, TX 77343

RE: Writ No. WR-82,248-01 Ex Parte Frankie Wayne Nealy

Dear Clerk,

Please find enclosed a motion for rehearing and reconsideration on the court's own motion for the denial of my habeas corpus application. Please file the motion with the court at your convenience.

I thank you for your time and attention to my request.

Respectfully,

enclosure
cc:file
Nueces DA

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 02 2015
Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 02 2015
Abel Acosta, Clerk

MOTION DENIED
DATE: 2-11-15
BY:

IN THE

TEXAS COURT OF CRIMINAL APPEALS

AT AUSTIN, TEXAS

EX PARTE FRANKIE WAYNE NEALY, APPLICANT, PRO SE

## MOTION FOR REHEARING AND RECONSIDERATION

## ON THE COURT'S OWN MOTION

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Frankie Wayne Nealy, Applicant, pro se and files this motion for the Court to reconsider this case on it's own initiative pursuant to Tex. R. App. P. 79.2(d). This Court has the authority to reconsider it's rulings denying relief sua sponte. Id; see also, A Guide To Article 11.07 Writs of Habeas Corpus and Other State Writs[1] p.20. In support of this request, Applicant states as follows:

ISSUES PRESENTED:

1. Whether appellate counsel was ineffective during the period for a motion for new trial? and,

2. Whether appellate counsel's admitting deficient conduct and included in the writ record warrants further review?

Applicant contends that appellate counsel was ineffective during the period for a motion for new trial. The issues being presented to this Court have not been authoriatively decided based on the law and the facts of this case. Applicant presented exhibits in support of his contentions and those exhibits exceed the preponderance of the evidence standard required in habeas corpus applications. Ex Parte Rains, 555 S.W.2d 478(Tex.Crim.App.1976). Thus, based on these contentions, Applicant argues that reconsideration is warranted.

---

fn1. A Guide To Article 11.07 Writs of Habeas Corpus and Other State Writs is authored by the Honorable Michael F. Stauffacher, Supervising Attorney of this Court.

As a threshold matter, the trial court failed to rule on Applicant's expansion of the record motion filed August 21, 2014. It was essential that the court expand the record to include a copy of the reporter's record from the revocation hearing that occured on April 13, 2011. In the absence of a ruling granting the expansion of the record, Applicant cannot ascertain whether or not this Court has reviewed all relevant documents. The state argued in it's findings that the record as established based on the court of appeals opinion was sufficient to refute the allegations. However, not allowing an Applicant to expand the record can be fatal to the writ process.

ISSUE ONE: Whether appellate counsel was ineffective during the period
for the motion for new trial?

Applicant contended that his appellate counsel was ineffective during the period for filing a motion for new trial. Specifically, Applicant alleged that appellate counsel while knowing that Applicant was sentenced and adjudicated guilty in one continuous breath, failed to raise the issue to the trial court in the motion.

This court held in **Issa v. State, 826 S.W. 2d 159(Tex.Crim.App.1992)**, that if an objection was not timely lodged during the revocation hearing to preserve an "in one breath" adjudication and sentencing, that Applicant would be required to raise the issue in a motion for new trial in order to present the argument on appeal. Applicant contends that he was adjudicated guilty and sentenced in one continuous proclamation and the record supports this contention.(2RR p.24). Without knowing whether or not this Court had the transcripts to review the contention, Applicant argues that review of this issue by rehearing is appropriate. Appellate counsel cane be found ineffective during the period for a motion for new trial, but the issue is subject to deficient conduct and prejudice inquiry. **Cooks v. State, 240 S.W.3d 906,907-08(Tex.Crim.App.2007)**. There is a presumption that counsel at the motion for new trial is effective. **Jack v. State, 64 S.W.3d 694(Tex.App.-Houston [1st Dist.] 2002)**.

The question remains that if an Applicant is first required to raise the issue

of in one breath adjudication and sentencing by objection to the trial court, and does not, is appellate counsel required to raise the issue in the motion for new trial? The answer is yes, otherwise the error is waived for appellate review as happended in this case. (Appeal Op. at 3-4); App. Ex. B. Based on the court of appeals opinion and the well-settled rule of preservation, particulary in this case of in one breath adjudication and sentencing, Appellate Counsel's inaction was deficient conduct, and the trial court's finding of fact and conclsuions of law is erroneous. Moreover, the trial court did not have the objections to the states answer when it made its findings, nor did it have the luxoary of ruling on Applicant's quest to obtain an evidentiary hearing. The court simply adopted the perjured and erroneous findings without conducting appropriate post-conviction review.

The state would have one believe that no further review would be needed and the issue raised could be determined from the appellate record. However, it is inherently risky to adopt direct review analysis as the findings for post-conviction review. At a minimum, Applicant should have been afforded an opportunity to rebut the state's assertions before the trial court made its recommendations, and the trial court in reviewing the application and exhibits, should have afforded Applicant the benefit of the doubt as the assertions were supported by letters from counsel. See App. Ex. C and E. Appellate counsel has admitted deficient conduct in this case and that is enough for the court to have ordered a designation of issues, at a minimum asking appellate counsel respond to the allegation via an affidavit as to the strategy in not preserving the error, that was subsequently waived for appellate review.

Thus, based on the fact that counsel admitted his conduct was deficient, this defeats the presumption that counsel was effective, and a prejudice inquiry would reveal the error was waived for appellate review. Applicant is respectfully requesting this court to entertain on its own initiative, whether a motion for rehearing should be granted. Tex. R. App. P. 79.2(d).

ISSUE TWO: Whether appellate counsel admitting deficient conduct that is includin the writ record warranting further view?

Applicant in filing his writ provided several exhibits supporting his factual assertions. Among them were Applicant's Exhibits A, C, D and E. Exhibit A was a questionairre sent to appellate counsel, that asked for a response, invited him to adopt or rebut that was sent certified mail. App. Ex. A. Applicant based his contentions notwithstanding exhibits C and E, that counsel made an evidentiary adoptive admission by failing to refute. Certified mail was the method used to contact counsel in CMRRR # 7012 0470 0001 5246 9914, copy of delivery card and USPS Online print-out attached with exhibit A. Moreover, Applicant relied on **Gant v. State, 153 S.W.3d 294,299(Tex.App.-Beaumont 2004, pet. ref'd)**(holding that an adoptive admission occurs when a statement is made in a person's presence, the person understands the statements, the statements call for a reply, and the person remains silent or acquiesces to the statement...citing Tex. R. Evid. 801 (e)(2)(B)). Because Applicant requested and invited a response and counsel failed to refute or respond, he adopted the factual allegations as alleged in the application. Thus, Applicant has met the burden of proving counsel was ineffective without having exhibits' C and E.

For the state and the trial court to ignore this issue, it is overruling and ignoring superior court authority. It is likewise, ignoring the rules of evidence of the adoptive admission scenario.

Notwithstanding the adoptive admission, Applicant also relied upon his unsworn declaration in support of his writ. App. Ex. D. The factual allegations were taken under penalty of perjury as true and correct. This precluded the trial court from adopting the state's allegations and proposed recommendations. A quick review of the findings of fact and conclusions of law clearly reveals an inadequate analysis under **Strickland v. Washington, 466 U.S. 668(1984).** The trial court simply adopted the perjured and erroenous proposed recommendation. Just as with the adoptive admission scenario, the trial court ignored an applicant alleging facts as required. **Ex Parte McPherson, 32 S.W.3d 860(Tex.Crim.App.2000).** When there is contrary proof of

4.

an Applicant's claim, the applicant's sworn allegations are not sufficient proof of his claims. **Ex Parte Empey, 757 S.W.2d 771(Tex.Crim.App.1988).** Because Applicant did not rely solely upon his sworn allegations, the other evidentiary support included with the writ supported applicant's claims.

And finally, notwithstaning the exhibits' A and D, exhibits C and E raise some equally important concern. Because appellate counsel is to raise non-frivolous issues on appeal, the question remains, why would counsel raise the issue of in one breath adjudication and sentencing if it was a frivolous and meritless argument as the state argues and the trial court adopts? Tha natural response from the state in any writ is to generally deny all allegations that essentially becomes the facts by statutory default. However, when Applicant presented his writ, he provided exhibits C and E, that were two(2) letters from counsel, one to the state bar, and the other to the Applicant, where he admitted deficient conduct. In fact, Applicant noted that counsel even advised him to file an Art. 11.07 habeas corpus application against among other persons, appellate counsel himself. If the state and the trial court's findings of fact are conclusive to argue the claim was meritless, then it raises question as to the mental and professional competency of counsel.

Because the trial court did not rule on the expandsion of the record motion filed with the writ, Applicant cannot ascertain whether or not the exhibits were presented to this court. But to ensure that this Court has a better understanding as to the statements of counsel in these letters, Exhibit C reads in pertinent part:

> "That Applicant should include a complaint against him(Edwards) for 'failing to preserve the issue concerning whether the trial court erred by proceeding to sentencing without notifying the parties it was doing so and giving them at least a chance to argue for lesser punishment." Id at p.2.

Exhibit E reads in pertinent part:

> "Lay balme at me(Edwards) for not making that argument in the motion for new trial and preserving error the court of appeals claims is waived." Id at p.2.

Appellate counsel Edwards has been in practice for over 15 years. By his own ad-

mission in letters to the bar and Applicant, those statements were made free of coercion, duress or threat. Counsel made those statements based on his experience in the course of his duties, and unlike almost any case filed in this court, counsel implicated himself as having rendered ineffective assistance of counsel. Counsel did not raise the issues just to satisfy his client. Rather, based on the record before him, in his professional capacity, determined that this issue was not frivolous and the record supported the claims.

The central issue here is whether or not counsel's statements to his client and the bar carry the weight as when counsel would respond to a court's order in the habeas process. Applicant answers to the affirmative. Applicant has researched the issue and has found no cases upon which an Applicant raised in post-conviction, that appellate counsel was ineffective during the period for a motion for new trial concerning the failure to raise and preserve in one breath adjudication and sentencing. Thus, the issues presented to this Court have not been authoratively decided.

Applcaint is respectfully requesting this court to entertain on its own initiative, whether a motion for rehearing should be granted. Tex. R. App. P. 79.2(d).

Applicant contends that further facts are necessary for disposition and that this court enter a remand order requiring appellate counsel via an affidavit or an evidentiary hearing, answer to the allegations as argued in the application. Ex Parte Smith, 650 S.W.2d 68(Tex.Crim.App.1981); Ex Parte Ompos, 613 S.W.2d 745(Tex.Crim. App.1981).

At a minimum, based on the evidentiary support provided by the Applicant with his application, that counsel should be required to respond to determine what, if any, strategy can be imagined for failing to preserve error. The appellate court waived the error, and this court refused a petition for discretionary review in PD-742-13.

6.

Based on the current record sent to the court, with no certain ruling on the expansion of the record motion, Applicant contends that review is warranted.

This motion is not sought to delay the case, but to see that jsutice is served and Applicant is given adequate review of his factual allegations that were supported by exhibits.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Applicant prays that this court own its own initiative grant a motion for rehearing on this case. Applicant further prays for any other relief that is just and equitable.



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion for rehearing on the court's own motion has been delivered to prison authorities for mailing by U.S. Mail, postage pre-paid, first-class to the Nueces County District Attorney's Office, 901 Leopard Corpus Christi, Texas 78401 on this the 24th day of December 2014.



## UNSWORN DECLARATION

I, Frankie Wayne Nealy, TDCJ # 1714921, DOB 10/19/1977, being presently incarcerated in the Ellis Unit of the Texas Department of Criminal Justice, city of Huntsville, county of Walker, declare under penalty of perjury that the foregoing statements contained herein are true and correct.

Executed on this the 24th day of December 2014.

Frankie Wayne Nealy  
TDCJ # 1714921  
Ellis Unit  
1697 FM 980  
Huntsville, TX 77343