82,986-01

Dear District Clerk,                    March 16, 2015

Enclosed please find Applicant's OBJECTION
TO TRIAL COURT'S MEMORANDUM, FINDINGS
of fact and Conclusion of LAW.
You should have received Applicants
Writ of 11.07 Habeas Corpus in operation
from the 371st District Court, Tarrant
County.
   A copy has been sent to the Tarrant
County District Clerk for their records.
   Please file and make part of the Applicant's
Writ for the Court's Consideration.
   Your help is appreciated. Thank You so
Much

                    Sincerely,


                 x  Osmin A. Meraz
                    # 01794405



RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 19 2015

Abel Acosta, Clerk

CAUSE No. C-371-010304-1254009-A

EX PARTE MERAZ                          §         IN THE TEXAS COURT

                                        §         OF

OSMIN AGRUELLES                         §         CRIMINAL APPEALS

## APPLICANT'S OBJECTION TO TRIAL COURT'S MEMORANDUM,
## FINDINGS OF FACT AND CONCLUSION OF LAW

The State proposed it's own Memorandum, Findings of Fact and conclusions of law regarding the grounds raised by Applicant. Applicant objects to the courts adoption and shows the following. The state's memorandum findings of fact and conclusions of law are not proven as fact or shown by the trial record as correct. Applicant shows the following based on the trial record, memory and affidavit as demonstrated on his application for writ of habeas corpus.

### Memorandum

The applicant was convicted by a jury of the offense of continous sexual abuse of a child, and was sentenced to confinement for life. See Judgment.

• This was applicant's first felony.

• Appellate attorney could have properly raised these issues of inter-preter for relief, but did not.

The court of appeals for the Eighth Court of Appeals District of Texas affirmed the applicant's conviction on a worthless venue ground. see Meraz v. State, 415 S.W.3d 502,507(Tex.App.--San Antinio 2013 pet.refused).

The applicant shows that (1) he was improperly denied an interpreter: and (2) He received ineffective assistance of trial counsel. This court should con-sider the following objections to the court's findings of fact and conclusions of law, and recommend that applicant be granted his requested relief.

### THE PROPER FINDINGS OF FACT ARE:

1. The applicant was misrepresented in this prosecution by the Hon.Mark S. Rostreet. see Writ grounds 2-12.

2. Rostreet claims to speak spanish but does not claim to interpret the proceedings during the voir dire exam of the veniremen or during the initial trial. see Affidavit of Hon.Rostreet, p.1.

1

3. The State Bar of Texas Directory confirms that Rostreet provides Spanish Language assistance but according to the trial record Rostreet does not provide such assistance. see Trial trancripts.

4. Rostreet does not request the service of interpreter for his client like he claims in his affidavit. see Rostreet's affidavit p.1-2. Instead it is appointed "Sua Sponte" by the court. see T.T. Vol.2,p.11.

5. Rostreet did not request the service of an interpreter when it was needed,contrary to Rostreet affidavit. see Rostreet's affidavit,p.2. And the need for one appointed by the court. see T.T. Vol.2 at 11.

6. There is the Trial Record to suggest that Rostreet was incapable of proceeding with the voir dire exam. of the veniremen and to translate to his client at the same time. see Voir dire exam. vol.2. Applicant did not understand the legal process. see Trial Record.

7. Applicant filed his writ application with complete help from a bilingual inmate in obtaining trial transcripts, legal research, rebuttals, and affidavits. No authority precludes applicant from obtaining legal help from another offender with english skills. see Offender's affidavit.

8.Applicant's verification indicates he was assisted in preparing his application and memorandum. see Offender verification. The court's "Sua Sponte" appointment of interpreter is the genuine authority that applicant does not understand English. SEE vol.2 at 11.

9. The applicant plainly states: **I DON'T UNDERSTAND**.... see vol.4 at 14 of T.T. and vol.2 at 11.

10. Applicant has established that the appointment of an interpreter was required to assist him in his defense.

## CONCLUSIONS OF LAW

1. The appointment of an interpreter is required when the trial court becomes aware that the defendant does not understand english. Rivera v. State, 981 S.W.2d 336,338(Tex.App.—Houston[14th Dist.] 1998,no pet.). Like in the applicant's case the court "Sua Sponte" noticed him to be in need of interpreter. see vol.2 at 11. see also T.C.C.P. Art.38.20(9).and Garcia v. State,149 S.W.3d 145(Tex.Crim.App.2004).

2

2. The writ recoed does establish that the applicant was unable to understand the english language and that Rostreet was unable to assist the applicant. see Trial transcript.

3. Applicant was improperly denied the services of an interpreter, during voir dire of the veniremen and select proceedings during trial. see Trial record volumes.

4. The Honorable Court should consider in the interest of Justice that Applicant's first ground for relief be granted.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Applicant shows how his trial counsel did not provide him effective assistance of counsel contrary to the court's conclusions. Applicant's writ fully details every issue and shows the required elements of ineffectiveness by Rostreet's representation. see writ and memorandum.

## FINDINGS OF FACT

1. Applicant objects to every findings of fact by the court as proposed by the State. All are unsupported by the trial record. Applicant has also filed objections to the trial counsel's affidavit made by Rostreet as untrue and unreliable. Applicant denies the findings and conclusions entered.

2. Applicant fully details his memory of the trial and relies on the trial transcript as required proof of the ineffectiveness by Rostreet. see trial record grounds 1 thru 12.

3. Rostreet would not answer or submit his actions or omissions of his ineffectiveness in trial, provided by return certified mail. see record of letter's sent to Rostreet.

4. Rostreet was ordered to answer to contempt or provide an affidavit, as a result a hostile affidavit was developed. see Rostreet affidavit.

5. Applicant further incorporates his writ grounds and memorandum to demostrate Rostreet's ineffectiveness in trial. see  Applicant's writ and memorandum.

3

6. Applicant further objects to proposed evidence from the record of the likelihood of a different outcome had Rostreet properly represented applicant or had applicant been represented by another counsel.

Objections to page 10, A THROUGH L of counsel's affidavit. Rostreet didn't investigate, file suppression motions, plan strategy, prepare for trial, conduct a proper voir dire of the veniremen, challenge unqualified jurors, object to prosecutor's commitment questions during voir dire, invoke protection set forth in Batson, properly object to extranous offenses introduced in innocent / guilt stage, failure to raise provisions of section 38.072 and hearsay objections,or file a new-trial for applicant.

7. Given this list of errors and omissions, there is reasonable proability that the jury would have reached a different verdict or sentence with counsel other than Rostreet.

## CONCLUSIONS OF LAW

1. An applicant challenging the effectiveness of his trial counsel must establish that his counsel committed errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that but for their alleged errors, the outcome of the proceedings would have been different. Strickland v. Washington,466 U.S.668,687,694, 104 S.Ct.2052,2064,2068, 80 L. Ed.2d 674(1984).

2. The Texas Court of Criminal Appeals has acknowledged that providing an interpreter to an accused who does not understand english is required by the confrontation clause, Sixth Amendment and by Art. 1 § 10 of the Texas Constitution also see Baltierra v. State,586 S.W.2d 553,556-59(Tex.Crim.App. 1979).

3. The principal of the duty to investigate is so fundamental that failure to conduct may itself amount to ineffective assistance of counsel. see EX PARTE MOORE,395 S.W.3d 152,156-57(Tex.Crim.App.2013).

4. Defense counsel has the duty to attempt through all legal means to have evidence detrimental to his client suppressed, to file discovery and necessary motions to prepare. The fear of having a motion to suppress overruled does not justify counsel's failure to file one. see Mitchell v. State,762 S.W.2d 916,920 (Tex.App.--San Antonio 1988,pet. ref'd).

5. The duty to investigate is not eliminated by the client's own conclusions or admissions... because the client's belief's may not coincide with the necessary elements of proof to establish guilt in law.

4

see Thompson v. State,9 S.W.3d 808(Tex.Crim.App.1999); Sonnier v. Quarterman, 476 F.3d 349(5th Cir.2007).

6. The client may not be aware of the significance of facts regarding intent, mitigation, suppression of evidence, or impeachment of witnesses that only an independent investigation can uncover. see EX PARTE Felton,815 S.W.2d 733(Tex.Crim.App.1991); Frangias v. State,392 S.W.3d 642,643(Tex.Crim.App. 2013).

7. Failure to dismiss bias jurors is STRUCTURAL ERROR requiring reversal. Solis v. Cockrell,342 F.3d 392,400(5th Cir.2003), also presence of a bias decision maker is structural error and subject to auto matic reversal. see Johnson v. State,169 S.W.3d 223(Tex.Crim.App.2005); EX PARTE Welborn,785 S.W. 2d 391(Tex.Crim.App.1990).

8. It is fundamental that in all criminal prosecutions, an accused is entitled to an impartial jury composed of people who are unpre judiced, dis- interested, equitable and just who have not prejudged the merits of the case. U.S. CONST. Amend. Six, Texas Const. Art. 1 § 10 and T.C.C.P. Art. 1.14,1.15, 35.16(c).

9. Rostreet gavehis reasons for allowing bias jurors in trial as being sound trial strategy. There is no authority governing a bias fact finder as proper to hear a trial.

10. Single error may be so substantial that it alone warrants finding counsel ineffective. Cooper v. State,769 S.W.2d 301(Tex.App.--Houston[1st dist] 1989); EX PARTE Miller,330 S.W.3d 610(Tex.Crim.App.2009); Chavez v. Cockrell, 310 F.3d 805(5th Cir.2002).

11. Rostreet did not fuction as counsel guaranteed by the 6 Amend.

12. Applicant recommends that the grounds one through twelve for relief be granted.

13. Rostreet was given before applicant filed his writ to have counsel either adopt or concede or to respond and generally deny or refute his errors and omissions. As applicant shows in ground 2 thru 12. Applicant asserts the same in his memorandum of law. p.2 of writ.

5

14. Rostreet had from March 17,2014 to September 9,2014 to answer and did not as a result the Court ordered on November 15,2014 to answer by December 1,2014 and still failed . Rostreet was again ordered to answer or be held in contempt providing him an extra 60 days to respond, Rostreet waited untell the very last day -January 28,2015- to answer. As a result a hostile affidavit was introduced with no actual determination to the question assesment of his trial errors and omissions that was sent VIA RETURN CERTIFIED from March 17,2014. see Assessment.

15. Counsel's silence amounts to an evidentiary adoptive-admission. Gant v. State,153 S.W.3d 294,299(Tex. App. Beaumont 2004, pet. ref'd.). see attached copies of questions regarding Rostreet's errors during trial affecting the outcome. Rostreet's affidavit lacking such request makes his affidavit noncredible for recognition to have the Court to rely upon as true and correct. see Tex. R. Evid. 801(e)(2)(b) known as adoptive admission, the person understands the statements, the statements call for a reply, and the person remains silent, or acquiesces to the statement. The trial court fail to acknowledge the adoptive allegations by counsel Rostreet. see Tucker v. State, 771 S.W.2d523(Tex. Crim. App.1988). As a result the applicant did not receive the proper memorandum, findings of fact and conclusions of law and was denied request to have relief under the proper findings and conclusions.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Hon. Court consider the objections of the Court's memorandum, findings of fsct and conclusions of law and consider the applicant's memorandum, findings of fact and conclusions of law, and provide relief in the interest of JUSTICE.

Respectfully submitted,

Osmin A. Meraz   Pro se
Applicant T.D.C.J.#
1697 FM 980
Huntsville,Tx. 77343

6

<u>CERTIFICATE OF SERVICE</u>

A true copy of the above motion to object to the Court's findings of fact and conclusions of law has been mailed to the District Clerk Thomas A. Wilder, 401 W. Belknap FortWorth,Texas 76196-0201 on this the 16th DAY OF March 2015.

_Osmin A. Meraz_
Osmin A. Meraz, Pro se
Applicant T.D.C.J.# 1794403


<u>UNSWORN DECLARATION</u>

I, Osmin A. Meraz, #1794403 D.O.B. 12/28/61, being presently incarcerated in the Ellis Unit T.D.C.J. declare under penalty of perjury that the foregoing facts contained herein are true and correct. Executed on this 16th BAY OF March 2015.

_Osmin A. Meraz_
Osmin A. Meraz, Pro se
Applicant T.D.C.J. # 1794403