Affirmed and Memorandum Opinion
filed May 17, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00133-CR



David Wayne
Isenhower, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 183rd District Court

Harris County, Texas

Trial Court
Cause No. 1137385



 

MEMORANDUM OPINION 

Appellant David Wayne Isenhower appeals his
conviction for murder, challenging the trial court’s jury charge instruction on
unanimity of the verdict.  Appellant also asserts that his trial counsel
rendered ineffective assistance at trial.  We affirm.

Factual and Procedural
Background

Appellant was charged by indictment with the felony
offense of murder.  The indictment contained two paragraphs.  In one paragraph,
the State alleged that appellant intentionally and knowingly caused the death
of the complainant by shooting the complainant with a deadly weapon.  In the
second paragraph, the State alleged that appellant intended to cause serious
bodily injury to the complainant and caused the death of the complainant by
intentionally and knowingly committing an act clearly dangerous to human life
by shooting the complainant with a deadly weapon.

At trial, after the parties rested, the trial court charged
the jury.  Appellant did not object to any of the following instructions in the
trial court’s jury charge, as set forth in relevant part:

Our law provides
that a person commits the offense of murder if he intentionally or knowingly
causes the death of an individual; or if he intends to cause serious bodily
injury and intentionally or knowingly commits an act clearly dangerous to human
life that causes the death of an individual.

The trial court also charged
the jury with the following instructions, to which appellant did not object:

            Now if
you find from the evidence beyond a reasonable doubt that on or about the 14th
day of October 2007, in Harris County, Texas, the defendant, David Wayne
Isenhower, did then and there unlawfully, intentionally or knowingly cause the
death of Eddie Francisco Hernandez by shooting Eddie Francisco Hernandez with a
deadly weapon, namely a firearm; or

            If you
find from the evidence beyond a reasonable doubt that on or about the 14th day
of October 2007, in Harris County, Texas, the defendant, David Wayne Isenhower,
did then and there unlawfully intend to cause serious bodily injury to Eddie
Francisco Hernandez, and did cause the death of Eddie Francisco Hernandez by
intentionally or knowingly committing an act clearly dangerous to human life,
namely by shooting Eddie Francisco Hernandez with a deadly weapon, namely a
firearm, then you will find the defendant guilty or murder as charged in the
indictment.

The trial court instructed
the jury to acquit appellant and find appellant “not guilty” unless the evidence
supports a finding of guilt beyond a reasonable doubt.  The trial court also
instructed the jury as to the following:

            After
you retire to the jury room, you should select one of your members as your
Foreman.  It is his or her duty to preside at your deliberations, vote with
you, and when you have unanimously agreed upon a verdict, to certify your
verdict by using the appropriate form attached hereto and signing the same as
Foreman.

After the jury found appellant guilty of the charged
offense, the trial court assessed punishment at twenty-five years’ confinement.

Issues and Analysis

Did the trial court err in
failing to instruct the jury to render a unanimous verdict?

In appellant’s first issue, he claims to have
suffered egregious harm from the trial court’s failure to instruct the jury to
render a unanimous verdict.  According to appellant, the trial court
incorrectly charged the jury with two different offenses; appellant asserts
that he was deprived of a state constitutionally-required unanimous verdict.

Ordinarily, the first step in a jury unanimity
challenge is an examination of the language of the relevant statute to
determine the elements of the crime and whether the legislature has created a
single offense with multiple or alternate methods of commission.  Jefferson
v. State, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006); Yost v. State,
222 S.W.3d 865, 877 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d). 
Although a jury is required to render a unanimous verdict as to all essential
elements of an offense, a jury is not required to return a unanimous verdict on
the specific method of committing a single offense.  Jefferson, 189
S.W.3d at 311; Yost, 222 S.W.3d at 877.

Appellant was charged with the felony offense of
murder.  As relevant in this case, under section 19.02(b)(1) of the Texas Penal
Code, a person commits the offense of murder if that person “intentionally or
knowingly causes the death of an individual.”  Tex. Penal Code Ann. § 19.02(b)(1) (West 2010).  Under
section 19.02(b)(2), a person commits the offense of murder if that person
“intends to cause serious bodily injury and commits an act clearly dangerous to
human life that causes the death of an individual.”  Id. § 19.02(b)(2). 
The trial court’s jury charge included language from both section 19.02(b)(1)
and section 19.01(b)(2). 

According to appellant, the jury charge defined the
offense of murder through two separate theories with separate mental states and
elements such that the two methods alleged were not the same offense.  However,
section 19.02 of the Texas Penal Code, the statute under which appellant was
convicted, does not describe different offenses.  See Garcia v. State,
246 S.W.3d 121, 141 (Tex. App.—San Antonio 2007, pet. ref’d); Yost, 222
S.W.3d at 877.  Section 19.02 sets forth differing methods of committing the
same offense.  See Aguirre v. State, 732 S.W.2d 320, 326 (Tex. Crim.
App. 1987); Garcia, 246 S.W.3d at 141; Yost, 222 S.W.3d at 877. 
Although sections 19.01(b)(1) and 19.02(b)(2) differ in describing the mental
state required for culpability, jurors are not required to agree on an
accused’s specific mental state; jurors need only agree that the accused
possessed one of the alternate mental states that satisfy the element of intent
as provided by the statute.  See Jefferson, 189 S.W.3d at 313; Yost,
222 S.W.3d at 877.  Whether the jury determined that appellant intentionally or
knowingly caused the complainant’s death or that he caused the complainant’s
death by committing an act clearly dangerous to human life with intent to cause
serious bodily injury, only one offense occurred.  See Garcia, 246
S.W.3d at 141.  Consequently, the jury charge does not present the possibility
of a less than unanimous conviction.  See id.[1]  Because
we find no error, we need not consider appellant’s assertions that he suffered
egregious harm.  We overrule appellant’s first issue. 

Did appellant’s trial counsel render ineffective
assistance in failing to challenge the admissibility of evidence?

In his second issue, appellant asserts he received
ineffective assistance of counsel when his trial counsel failed to challenge
the admissibility of almost all of evidence obtained by law enforcement
officers who were dispatched to the scene.  According to appellant, the
evidence was inadmissible because it was obtained during the officers’ warrantless
entry into and search of appellant’s home.

Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 1.051 (West 2005). 
This right necessarily includes the right to reasonably effective assistance of
counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997).  To prove ineffective assistance of counsel, appellant must
show that (1) trial counsel’s representation fell below an objective standard
of reasonableness, based on prevailing professional norms; and (2) there is a
reasonable probability that the result of the proceeding would have been
different but for trial counsel’s deficient performance.  Strickland, 466
U.S. at 688–92.  Moreover, appellant bears the burden of proving his claims by
a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  

In assessing appellant’s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel’s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  When, as in this case, there is no proper evidentiary record developed
at a hearing on a motion for new trial, it is extremely difficult to show that
trial counsel’s performance was deficient.  See Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002).  If there is no hearing or if counsel does not
appear at the hearing, an affidavit from trial counsel becomes almost vital to
the success of an ineffective-assistance claim.  Stults v. State, 23
S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The
Court of Criminal Appeals has stated that it should be a rare case in which an
appellate court finds ineffective assistance on a record that is silent as to
counsel’s trial strategy.  See Andrews v. State, 159 S.W.3d 98, 103
(Tex. Crim. App. 2005).  On such a silent record, this court can find
ineffective assistance of counsel only if the challenged conduct was “‘so
outrageous that no competent attorney would have engaged in it.’”  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  There was no motion for
new trial filed in this case.

Appellant claims his trial counsel failed to challenge
the admissibility of the evidence through a pretrial motion to suppress or an
objection at trial.  But counsel is not required to engage in the filing of
futile motions.  See Mooney v. State, 817 S.W.2d 693, 698 (Tex. Crim. App.
1991); Hollis v. State, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no
pet.).  To show ineffective assistance, appellant first must show that a motion
to suppress evidence, had one been filed, would have been granted.  See
Jackson, 973 S.W.2d at 957.  As the movant, appellant would have been
required to produce evidence that defeated the presumption of proper police
conduct.  Id.  Likewise, appellant must demonstrate that the trial judge
would have committed reversible error in refusing to sustain an objection had
his trial counsel timely objected to the evidence.  See Vaughn v. State,
931 S.W.2d 564, 566 (Tex. Crim. App. 1996).

Appellant claims that the responding officers had no
warrant and were not justified in entering or searching his home.  The record
reflects that officers executed a warrant for appellant’s arrest two days after
appellant was in custody.  Officers are not justified in entering or searching
a home without a warrant; but, consent is an exception to the warrant
requirement.  See Carmouche v. State, 10 S.W.3d 323, 327–28 (Tex. Crim.
App. 2000).  Although appellant asserts that nothing in the record indicates
that he offered consent, appellant’s trial counsel remarked in his opening
arguments that appellant cooperated with authorities in the investigation by
permitting them “to fully search his house, his premises.  Photograph the
premises in full.”[2] 
This statement is consistent with the record evidence.  One of the
investigators testified about appellant’s cooperation in the investigation;
appellant’s own written statement reflects his cooperation with investigators. 
If trial counsel had no basis to believe that consent was not freely and
voluntarily given, then failure to challenge the fruits of the search was not
unreasonable.  See Yuhl v. State, 784 S.W.2d 714, 717 (Tex. App.—Houston
[14th Dist.] 1990, pet. ref’d) (concluding it is reasonable to assume that
trial counsel was aware that no factual basis would support a finding that
consent was not freely given and that counsel’s failure to contest consent was
not ineffective); see also Allridge v. State, 850 S.W.2d 471, 493 (Tex.
Crim. App. 1991) (determining that sufficient testimony supported an implied
decision that an accused was not threatened into giving consent to search).  

The appellate record in this case is silent as to
trial counsel’s reasons for not challenging the admissibility of the evidence;
we presume that trial counsel acted reasonably.  See Thompson, 9 S.W.3d
at 813.  Appellant claims that irrespective of whether the record adequately
reflects trial counsel’s reasons behind his conduct, there could be no
legitimate trial strategy for counsel to fail to challenge the evidence.  As
reflected in trial counsel’s opening arguments, it appears that his strategy was
to highlight appellant’s willingness to cooperate with authorities by
permitting them to enter his home to search and photograph the premises and in
giving investigators a written statement with his explanation for his actions,
perhaps for the purpose of advancing a theory of self-defense.  See Turner
v. State, 932 S.W.2d 622, 626 (Tex. App.—Houston [14th Dist.] 1996, no
pet.) (involving trial strategy of making the accused appear cooperative and
honest).  In the face of a silent record regarding trial strategy, a
reviewing court should not conclude the challenged conduct amounted to
deficient performance unless the conduct was so outrageous no competent
professional would have engaged in it.  See Garcia, 57 S.W.3d at 440.  The
record supports trial counsel’s decision to not file a motion to suppress to
challenge the evidence.  See Hollis, 219 S.W.3d at 461.  Appellant, therefore,
has failed to rebut the strong presumption that his trial counsel exercised reasonable
professional judgment.  See Thompson, 9 S.W.3d at 814.  Accordingly, we
overrule appellant’s second issue.

The trial court’s
judgment is affirmed.

                                                            

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant contends this court’s decision in Yost was wrongly decided. 
We disagree and therefore there is no need to consider en banc review to
overrule this precedent.





[2]
Although, opening arguments are not considered as evidence, the record does not
contradict these assertions.