**Affirmed and Opinion Filed June 15, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00978-CR**

**SANDRA KAY NORTHCUTT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80789-2019**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

Appellant Sandra Kay Northcutt pleaded guilty to possession of methamphetamine in an amount of four grams or more but less than 200 grams, a lesser included offense of manufacture and delivery of methamphetamine, the offense for which she was charged. Appellant also pleaded true to the first enhancement paragraph, which alleged she had a prior conviction for possession of a controlled substance. Pursuant to an open plea agreement, the case proceeded to the trial court for punishment. The trial court sentenced appellant to confinement

for a term of six years. In one issue, appellant argues that her counsel was ineffective. We affirm.

## Ineffective Assistance of Counsel

Appellant argues her counsel rendered ineffective assistance because counsel failed to file suppression and pretrial pleadings; failed to subpoena witnesses and medical records; and allowed judgments into evidence that were not legally admissible due to smudged and incomplete fingerprints. The State responds that appellant has failed to prove a single instance of deficient performance or prejudice. On this record, we agree.

To determine whether appellant's counsel rendered ineffective assistance, so as to violate her right to counsel under the Sixth Amendment, we apply the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To show that counsel's performance was deficient, an appellant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. An appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and "might be considered sound trial strategy." *Id.* at 689. Defense counsel is not required to make futile challenges to the evidence. *See Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App.

–2–

2005); *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991). Our review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689.

As for the prejudice prong, an appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Appellant's failure to prove either prong—deficient performance or prejudice—is detrimental to an ineffective-assistance claim. *Thompson*, 9 S.W.3d at 813.

An appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* The record on direct appeal is usually undeveloped as to counsel's reasons for his or her actions at trial and, thus, insufficient to evaluate whether counsel's performance was deficient unless the error is so outrageous that no reasonably competent attorney would have engaged in it. *Mata v. State*, 226 S.W.3d 425, 428–30 (Tex. 2007). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

The appellate record here is silent as to defense counsel's strategy in representing appellant. Although appellant filed a motion for new trial, she did not allege ineffective assistance of counsel or offer any evidence to support such claim.

"[T]he presumption that trial counsel's performance was reasonably based in sound trial strategy, coupled with the absence of any supporting evidence in the record of unreasonableness, compels a reviewing court to consider ways in which trial counsel's actions were within the bounds of professional norms." *Mata*, 226 S.W.3d at 431. Therefore, our review on direct appeal is limited to the undeveloped record before us, and we will not find counsel's performance deficient unless we conclude counsel's error was so outrageous that no reasonable competent attorney would have engaged in it. *Id.* at 430.

Here, the evidence showed that Deputy Matthew Umphenour of the Collin County Sheriff's Office, observed a male talking to the driver and passenger of a vehicle parked at the Flying J Fuel station in Anna. The male kept looking back during their conversation. After the vehicle left the gas station, Deputy Umphenour observed the driver commit a traffic violation by crossing over the designated stopping point—the white line—at a stop sign, with the vehicle's two front tires; he initiated a traffic stop. Appellant was the passenger in the vehicle.

When Deputy Umphenour approached the vehicle, he could hear a lot of movement inside, and he saw the driver digging through the glove box. The driver told Deputy Umphenour that she was looking for her insurance card, and he told her to stop. He explained why he pulled them over, asked for her driver's license, and told her she could look for the insurance card again. She stated she did not know where her insurance card was and did not have a driver's license but did have a Texas

state ID. While the driver searched for her identification card, Deputy Umphenour asked appellant for her driver's license, which she also had to search for, and also asked them whether they had any criminal history. He then ran their information, which showed appellant had previously been arrested for possessing narcotics.

Appellant and the driver consented to a search of the vehicle and their belongings. Deputy Umphenour's certified narcotics dog alerted to the passenger door and scratched at a black bag in the backseat; inside the bag was "a glass pipe with white, black residue in it." When Deputy Umphenour told appellant and the driver that a female officer was on the way to pat them down, appellant started acting weird and saying she needed to use the restroom because "she was going to vomit or sh*t her pants." Deputy Umphenour believed appellant was attempting to distance herself from the stop because she knew he found something in the vehicle. After the female officer patted down appellant and felt a bulge in her crotch area, appellant admitted that the methamphetamine in her pants was hers, as well as the pipe found in the backseat. Police later found five baggies of methamphetamine on appellant's person when she was searched at the jail.

Appellant argues that "[t]horough review of the arrest reports, dashcam videos and police and police interaction with Appellant and her friend provided many avenues for challenging the stop as an illegal search and seizure." In what we presume is an effort to challenge reasonable suspicion, she states, "The stop was made because the vehicle being driven by Appellant's friend allegedly stopped on

–5–

the 'white line.'" However, she provides no legal authority to challenge Deputy Umphenour's testimony that crossing the white line was a traffic violation. The transportation code provides that the operator of a vehicle shall stop at an intersection with a stop sign, but without a crosswalk, "at a clearly marked stop line." TEX. TRANSP. CODE ANN. § 544.010. The Thirteenth Court of Appeals has held that crossing the line before stopping constitutes a traffic offense. *Villarreal v. State*, 565 S.W.3d 919, 927 (Tex. App.—Corpus Christi–Edinburg 2018, pet. ref'd). Furthermore, in *Williams v. State*, this Court concluded that we did not need to determine whether section 544.010(c) of the transportation code required an operator to stop before the line because, even if it did not, any mistake of law by the officer was reasonable. No. 05-18-00727-CR, 2019 WL 1872925, at *2 (Tex. App.—Dallas April 26, 2019, no pet.) (mem. op., not designated for publication).

Appellant additionally contends: "The fact that law enforcement began asking Appellant about prior convictions without the presence of counsel should have also been challenged." However, ordinary traffic stops do not render a person "in custody" for purposes of *Miranda*. *Berkemer v. McCarty*, 468 U.S. 420, 435–40 (1984). Appellant has not proven that a motion to suppress would have been granted and, thus, she has not met her burden to show she received ineffective assistance of counsel due to counsel's failure to file a motion to suppress. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) ("the appellant was still obliged to prove that a motion to suppress would have been granted in order to satisfy

–6–

*Strickland*"). Appellant has not detailed any other pretrial pleadings that counsel should have filed.

An objection to the admission of the certified judgments of conviction on the basis that the fingerprints were smeared would also have been futile. *See Alvarez v. State*, No. 08-11-00063-CR, 2013 WL 2285862, at *15 n.8 (Tex. App.—El Paso May 22, 2013, pet. ref'd) (not designated for publication) (noting an appellant may not challenge the validity of a prior judgment via a collateral attack and that even a judgment that does not contain a thumbprint is not void) (internal citations omitted). Furthermore, the State did not attempt to link appellant to the judgments through her fingerprints. Appellant admitted to each of the prior convictions on cross examination, and some of the accompanying documents contained other identifying information linking the judgments to appellant, such as her date of birth or identification number. *See Flowers v. State*, 220 S.W.3d 919, 921–23 (Tex. Crim. App. 2007) (explaining that no specific document or mode of proof is required to prove that a prior conviction exists and that the defendant is linked to the prior conviction).

Appellant has also failed to show who she would have subpoenaed to testify for her at the punishment phase or the content of their testimony. We also do not have before us the content of the medical records that appellant claims defense counsel should have subpoenaed. Thus, on this record, appellant has failed to show that counsel was ineffective by failing to subpoena witnesses and records. *See Perez*

*v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (explaining appellant must show that the witness was available and that appellant would benefit from his testimony).

Appellant also appears to argue that defense counsel was ineffective because her closing arguments were too brief and began with "Judge, I do think that it is available for you to put her, *as crazy as it sounds*, on deferred for this." (emphasis in appellant's brief). She argues the trial court did not hear both sides of the story as a result. But defense counsel's entire closing, although short, was a plea to allow appellant to be given a second chance. Immediately before closing arguments, appellant testified that for the first time in her life she went to rehab (after her arrest) and that she was now clean. Before sentencing appellant, the trial court commented that it was "very happy to hear that [appellant] went through rehab," that people were not giving up on her, but that "it's also a matter of law and history." "When, as here, a closing argument has a basis in fact, law, and appeal to public policy, courts should, at least, permit the advocate to explain her rationale before condemning her." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Here, counsel has not been afforded the chance to explain her rationale, and we cannot conclude that counsel's plea for appellant to be given a second chance was an error so outrageous that no competent attorney would have argued it. *See Mata*, 226 S.W.3d at 430.

On this record, appellant has failed to meet her burden to show by a preponderance of the evidence that she received ineffective assistance of counsel. We overrule her sole issue on appeal.

## Conclusion

The judgment of the trial court is affirmed.

/Craig Smith/

CRAIG SMITH
JUSTICE

200978f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

SANDRA KAY NORTHCUTT,
Appellant

No. 05-20-00978-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-80789-
2019.
Opinion delivered by Justice Smith.
Justices Schenck and Osborne
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of June 2022.